**Leta B. MOORE, Individually and as Independent Executrix of the Estate of William Neal Moore, Deceased, Appellant,**

v.

**INDUSTRIAL LIFE INSURANCE COMPANY, Appellee.**

**No. 19153.**

Court of Civil Appeals of Texas, Dallas.

March 22, 1977.

Rehearing Denied April 14, 1977.

**48**

G. Lee Hart, Dallas, for appellant.

Gary C. Crapster, Rowland B. Foster, Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

AKIN, Justice.

Appellant Leta Moore, individually and as independent executrix of the estate of Wiliam Moore, sued appellee, Industrial Life Insurance Company, on a credit life insurance policy. Trial was to the court on stipulated facts, and judgment was rendered for the insurance company. We affirm.

William Moore obtained a $4,758 loan from the First National Bank of Grapevine on July 2, 1975, which loan was due on September 1, 1975. In connection with this loan, he took out a credit life insurance policy in the amount of the loan for a term of two months, effective July 2. Mr. Moore died on September 2, 1975, without having repaid the loan. Since the estate paid the loan, it is the proper beneficiary under the insurance contract.

■ The sole question presented by this appeal is when did the policy expire? The parties agree that the term "month" as used in the contract refers to a calendar month. The general rule is that a calendar month "runs from a given day in one month to a day of the corresponding number in the next or specified succeeding month." *Pitcock v. Johns,* 326 S.W.2d 563, 565 (Tex.Civ. App.—Austin 1959, writ ref'd). Appellant relies on the rule that when time is to be computed from or after a certain day, the designated day is to be excluded and the last day of the period is to be included unless a contrary intent is clearly manifested by the contract. *Home Insurance Co. v. Rose,* 152 Tex. 222, 255 S.W.2d 861, 862 (1953). Thus, the inclusion of the day of the corresponding number in the final month is predicated on the exclusion of the day of that number in the initial month; one or the other must be excluded. *Hutson v. Sadler,* 501 S.W.2d 728, 731 (Tex.Civ.App. —Tyler 1973, no writ). The insurance contract here specifically states that it was effective on July 2, the first day. In *Acme*

*Life Ins. Co. v. White,* 99 S.W.2d 1059, 1060 (Tex.Civ.App.—Eastland 1936, writ dism'd w. o. j.), the court held that since the contract was, by its clear terms, effective on January 17, 1933, then recovery was not barred by a two-year suicide exclusion clause where the suicide occurred on January 17, 1935. Since the initial day was included, the anniversary date was excluded and, therefore, not within the first two policy years. In its opinion in *Home Insurance Co. v. Rose,* the supreme court distinguished *Acme Life Insurance Co. v. White* on this basis. Since the contract here clearly included coverage on July 2, coverage must be, therefore, excluded on September 2. Otherwise, appellant would receive insurance coverage for two months and a day, not two months as contracted for by the parties. See *Ratcliff v. Louisiana Industrial Life Ins. Co.,* 185 La. 557, 169 So. 572, 573 (1936).

Affirmed.