Kyle McGAUGHY, Appellant,

v.

CITY OF RICHARDSON et al., Appellees.

No. 20237.

Court of Civil Appeals of Texas, Dallas.

April 15, 1980.

Rehearing Denied May 9, 1980.

D. Reid Walker, Lohmann, Glazer & Irwin, Houston, for appellant.

H. Louis Nichols, Saner, Jack Sallinger & Nichols, Dallas, for appellees.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

Kyle McGaughy appeals from a judgment upholding his dismissal from employment as a policeman for the City of Richardson. Defendant Kenneth Yarbrough, the Chief of Police, was acting individually and for defendant City of Richardson, when he dismissed McGaughy. Defendants contend the dismissal was authorized by ordinance because it occurred during McGaughy's three month probationary period. We reverse and render judgment reinstating McGaughy and remand for a determination of damages.

This case was tried on stipulated facts and interrogatories. McGaughy was appointed a probationary policeman on May 2, 1977, and was discharged on August 2, 1977, without a hearing. The Municipal Service Rules and Regulations of the City of Richardson provide as follows:

> Section 65: All original appointments shall be for a probationary period of three (3) months of *actual service* and no *appointment* shall be deemed finally made until the appointee has satisfactorily served his probationary period, . . [Emphasis added.]
>
> Section 66: Cause for dismissal. During such probationary period, it shall be the duty of the City Manager to discharge all employees whose appointments were not regular, or not made in compliance with the provisions of these Civil Service Rules and Procedures, or if found incompetent or unqualified to perform the duties of the position to which he was appointed.
>
> Section 67: Report on probationary employees. In the absence of any report from the department head that a probationary employee is unsatisfactory, such employee automatically becomes permanently employed at the end of the probationary period. At the termination of the period, such employee shall have full civil service rights and privileges, which shall date back to his date of employment.

Section 93 of the Richardson City Charter states:

> Appointment or promotion in the classified service shall not be deemed complete until a period of three (3) months shall have elapsed. A probationer may be discharged or reduced at any time *within said period* by the City Manager, or the Head of the Department in which said probationary is employed. [Emphasis added.]

McGaughy contends that his dismissal on August 2, 1977, was not within the three month period and therefore, he was wrongfully discharged without a hearing and is entitled to reinstatement, back pay and damages. The only question for our determination is whether the probationary period expired August 1, and McGaughy had to be accorded full civil service rights in order to be dismissed on August 2. We hold that the three month period ended on August 1, 1977.

The parties agree that use of "month" in computing time means a calendar month. The general rule is that a calendar month runs from the given day in one month to the day of the corresponding number in the next month. *Pitcock v. Johns*, 326 S.W.2d 563, 565 (Tex.Civ.App.—Austin 1959, writ ref'd). This rule is also embodied in Tex.Rev.Civ.Stat.Ann. art. 5429b–2 § 2.04(c) (Vernon Supp.1980), which establishes the method for computing time limits in terms of months in legislative codes. That statute provides that if the number of months is to be computed "by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is be-

gun." This rule rests on another rule, that when time is to be computed *from* or *after* a designated day, the designated day will be excluded while the last day of the period is to be included. If the first day of the period is to be included, however, the last day of the period is to be excluded. *Moore v. Industrial Life Insurance Co.*, 549 S.W.2d 47, 48 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.); *Acme Life Insurance Co. v. White*, 99 S.W.2d 1059, 1060 (Tex.Civ.App. —Eastland 1936, writ dism'd w. o. j.). The last day is excluded in these cases because if the first day and the last day are both included, the period would be a month plus one day. *Moore v. Industrial Life Insurance Co.*, 549 S.W.2d at 48.

■ Under the regulations above quoted, there is no designated day *from* which or *after* which the three months begins to run. The three months are three months of *actual service*. It is undisputed that McGaughy worked on May 2. Accordingly, we hold that the three month period included the first day of work, and consequently excluded the last day, August 2. The probationary period, therefore, expired on August 1.

The City relies on the language of Section 93 of its Charter to support its contention that August 2 is included in the three months. In particular, that section provides that appointment "shall not be deemed complete until a period of three months shall have elapsed." We do not agree that this language supports its position. The three months actual service commenced on the day of the original appointment which in this instance was May 2. Consequently the last day, August 2, must be excluded.

We therefore reverse and render judgment that McGaughy be reinstated on the Richardson police force and that all references to his dismissal be expunged from his record. We remand for a determination of back pay and damages because the record was not adequately developed on these issues.