**Robert William NESBIT, Appellant**

v.

**The STATE of Texas.**

**No. PD–1907–05.**

Court of Criminal Appeals of Texas.

June 13, 2007.

---

Peter R. Thompson, Dallas, for Appellant.

Laura Anne Coats, Assistant District Atty., Dallas, Matthew Paul, State's Atty., Austin, for State.

## OPINION

COCHRAN, J., delivered the opinion of the Court, in which PRICE, WOMACK, JOHNSON and HOLCOMB, JJ., joined.

Appellant was placed on "regular" community supervision or probation for ten years, beginning on April 29, 1994. The State filed a motion to revoke probation on April 29, 2004. Appellant claimed, in essence, that his probation turned into a pumpkin at the stroke of midnight on April 28, 2004, thus the State's motion to revoke was filed one day too late. The court of appeals agreed with him,[1] and so do we.

### I.

Appellant was charged with the third degree felony of indecency with a child on September 7, 1988.[2] On November 10, 1988, he pled guilty. The trial judge granted him deferred adjudication and placed him on ten years' community supervision. On September 20, 1993, the probation department filed a "Notification of Violation," alleging that appellant had committed an offense of indecent exposure on August 10, 1993. According to his therapist, appellant is "an exhibitionist, a con-

1. *Nesbit v. State,* 175 S.W.3d 565 (Tex.App.-Dallas 2005).

2. The probable cause affidavit alleged that appellant had exposed himself to two young girls at an apartment complex swimming pool, and, after walking outside the apartment fence, he turned and faced one of them again, saying, "Look at it just one more time, please!"

dition he has suffered from since he was a young adult." Although "his condition has very gradually improved," he had suffered a relapse. But his therapist concluded that "[t]here is no evidence whatsoever that [appellant] even has the potential for violent or dangerous behavior toward children or other adults."

At a hearing on April 29, 1994, the trial court adjudicated appellant's guilt and placed him on regular probation for ten years, beginning that very day. One condition of his probation was that he participate in the Electronic Monitoring Program (EMP) beginning on April 29, 1994, until September 5, 1994. That condition required appellant to remain at his residence "at all times except during approved work hours or at other times approved in advance by the court or probation officer." Throughout the next ten years, appellant was repeatedly required to participate in the EMP program for short periods of time.

On April 29, 2004, the State filed a Motion to Revoke Probation alleging that he had failed to avoid persons or places of disreputable character-namely he had admitted to his probation officer that he had associated with prostitutes, used drugs of some sort, masturbated, and viewed pornography. Most of these incidents had allegedly occurred in 1999 and 2000. The most recent occurred in 2002. The penultimate entry in the probation file states: "Reviewed file and submitted file to Ct. Supervisor for PV motion; probation expires 4/28, 2004;[3] failed sex offender polygraph test administered;[4] continues with negative behavior-recommend revocation."

Appellant filed a motion to quash the motion to revoke and claimed that the trial court did not have jurisdiction because the motion was filed one day too late. He claimed that his probation had expired at midnight on April 28, 2004. The trial court, admitting that the legal issue was not settled, denied the motion, revoked appellant's probation, and sentenced him to ten years in prison.

In his sole issue on appeal appellant asserted that "the trial court did not have jurisdiction to revoke his community supervision because the motion to revoke was filed one day after the ten-year period of supervision ended."[5] Because this Court had not definitively answered the question of when a term of probation ends,[6] the court of appeals analogized the

---

3. Five days earlier, an entry in the file stated: "P failed last monitoring polygraph prior to expiration. P admits to paying for sex as well as masturbating in the offices of a girlfriend. P is due to expire from probation on 4/29/2004."

4. Neither the results of a polygraph test nor the "fact" of failing a polygraph test are admissible in a Texas criminal proceeding. *See Nethery v. State*, 692 S.W.2d 686, 700 (Tex. Crim.App.1985) ("It has long been the rule in this State that the results of a polygraph test are inadmissible *for all purposes*. Even if the State and the defendant agree and stipulate to use the results of a polygraph at trial, we have held the testimony to be inadmissible.") (citations omitted).

5. *Nesbit,* 175 S.W.3d at 567.

6. The court of appeals noted that it had found cases from our Court

> that would support both appellant's and the State's contentions as to the date appellant's community supervision ended. *See, e.g., Ex parte Donaldson,* 86 S.W.3d 231, 232 (Tex.Crim.App.2002) (per curium) (six-year probation beginning on May 10, 1993 ended May 10, 1999); *Ex parte Fulce,* 993 S.W.2d 660, 662 (Tex.Crim.App.1999) (two-year probation beginning February 18, 1994 ended February 17, 1996). Neither case, however, involved the dispositive issue in this appeal-whether the community supervision ended on the day before or the day of the anniversary of the applicants' having been placed on community supervision.

*Id.* at 567.

present situation to the similar one of when a sentence of imprisonment ends: "When a defendant is sentenced to a term of imprisonment, that period expires on the day before the anniversary date of the sentencing."[7] The court of appeals noted that "community supervision is not a sentence"[8] in the literal sense because it is a conditional release into the community. "Nevertheless, a defendant on community supervision is subject to court-imposed restrictions on his or her freedom during the period of the supervision."[9] Therefore, a term of community supervision is more like a sentence than like other time periods, such as a statute of limitations, in which a person suffers no disability or restriction of freedom.[10] Furthermore, reasoned the court of appeals, "we see no reason to require appellant to spend one more day on community supervision than he would have been required to serve had his sentence been imposed."[11] Because "[t]he trial court does not have jurisdiction to revoke community supervision if the motion to revoke is filed after the supervision period expires,"[12] the trial court's judgment of revocation was a nullity.

The State filed a petition for discretionary review, asking "[h]ow should the date of the expiration of a period of community supervision be calculated?"

## II.

The question of how one calculates the duration or expiration of a time period frequently depends upon the purpose of that time period. Generally speaking, if one must perform some act before the expiration of a time period, that period is computed by excluding the first day and including the last day. But if one may exercise a particular right (or must suffer a particular penalty) during a period of time, that time period generally begins on the first day that the right may be exercised (or the penalty suffered) and expires at midnight of the day before the anniversary of the period. For example, if you sign a one-year apartment lease to begin on April 29th, the lease ends at midnight on the following April 28th. If one holds office as a Court of Criminal Appeals judge beginning on January 1, 2003, the six-year term of office ends at the stroke of midnight on December 31, 2008. If a person is sentenced to ten years' imprisonment on April 29th, that sentence expires at midnight on April 28th ten years hence.[13] Generally, one cannot double count the same day when speaking of the duration of a time period which grants or denies rights.

The State correctly notes that the Code Construction Act states that a time calculation computing a period of days generally excludes the first day and includes the

---

7. *Id.* at 567.

8. *Id.* (citing *Speth v. State*, 6 S.W.3d 530, 532 (Tex.Crim.App.1999)) ("The Code of Criminal Procedure defines community supervision as involving a *suspension of the sentence*. In other words, community supervision is an arrangement *in lieu of* the sentence, *not as part of* the sentence.").

9. *Id.*

10. *Id.* (rejecting the State's position that a term of community supervision is like a statute of limitations period).

11. *Id.*

12. *Id.* at 568.

13. *See Ex parte Hale*, 117 S.W.3d 866, 867 (Tex.Crim.App.2003) (seven-year sentence imposed on October 7, 1991 ended October 6, 1998); *Ex parte Gabriel*, 56 S.W.3d 595, 596 (Tex.Crim.App.2001) (per curiam) (eight-year sentence imposed on July 19, 1989 ended July 18, 1997).

last day.[14] But, as noted by the court of civil appeals in *McGaughy v. Richardson*,[15]

> This rule [TEX. REV.CIV.STAT. art. 5429b–2 § 2.04(c), the predecessor to § 311.014(c) ] rests on another rule, that when time is to be computed from or after a designated day, the designated day will be excluded while the last day of the period is to be included. If the first day of the period is to be included, however, the last day of the period is to be excluded. The last day is excluded in these cases because if the first day and the last day are both included, the period would be a month plus one day.[16]

No double counting. On the other hand, when a particular act must be performed sometime within a specific period of time (such as the filing of a lawsuit[17] or a notice of appeal, or the making of an announcement of ready for trial[18]) the Government Code states that the first day of the period is excluded and the last day is included to ensure that the actor has a full time period in which to perform that act.[19]

This Court has not always been clear on the duration of a time period for purposes of a term of community supervision or probation. For example, in *Ex parte Donaldson*,[20] we suggested in *dicta* that a six-year probationary period imposed on May 10, 1993, expired on May 10, 1999.[21] And in *Guillot v. State*,[22] a case in which the defendant was placed on probation on March 27, 1972, we noted that the State filed a motion to revoke probation well after the probationary period "had ex-

**14.** TEX. GOV'T CODE § 311.014(a) ("In computing a period of days, the first day is excluded and the last day is included."); *id.* § 311.014(c) ("If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month."); *see also id.* § 311.005(12) (a "year" means "12 consecutive months").

**15.** 599 S.W.2d 113 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e.) (police officer's three month "probationary period" began on the first day he started work-May 2nd and therefore expired on August 1st, not August 2nd).

**16.** *Id.* at 115 (citing *Moore v. Industrial Life Insurance Co.*, 549 S.W.2d 47, 48 (Tex.Civ. App.-Dallas 1977, writ ref'd n.r.e.); *Acme Life Insurance Co. v. White*, 99 S.W.2d 1059, 1060 (Tex.Civ.App.-Eastland 1936, writ dism'd w.o.j.)).

**17.** The State argues that "[t]he period of community supervision should be calculated in the same way as a statute of limitations rather than a sentence." State's Brief at 4. But the State fails to explain why the period of community supervision during which the defendant suffers restrictions upon his freedom is more like a statute of limitations (the time period within which the State must do a specified act of filing a criminal complaint or indictment) than it is like a sentence of imprisonment in which the person suffers restrictions upon his freedom.

**18.** *See Scott v. State*, 634 S.W.2d 853, 854–55 (Tex.Crim.App.1982) (the calculation of the 120 day time period during which the State must show that it was ready for trial was controlled by the Code Construction Act, former article 5429b–2, § 2.04(a) and (b)).

**19.** *See* Teresa D. Caskey, *Oh, What a Difference a Day Makes: Mattson v. U.S. West Communication, Inc.*, 62 UMKC L.REV. 227, 230 (1993) (stating that the rationale for the common law rule of excluding the first day of a statute of limitations time period and including the last day was "to give potential litigants the full force and effect of the time allowed under any law, the first day must be excluded from the calculation. Otherwise, any portion, no matter how small, of the first day would constitute one whole day.").

**20.** 86 S.W.3d 231 (Tex.Crim.App.2002).

**21.** *Id.* at 232.

**22.** 543 S.W.2d 650 (Tex.Crim.App.1976).

pired on March 27, 1975." [23]  But in Ex parte *Fulce*,[24] we stated that when a defendant was placed on two-years' community supervision on February 18, 1994, that probation "was scheduled to expire on February 17, 1996, unless the trial court extended it pursuant to [statutory authority]." [25]  The difference between these cases appears more semantical than substantive.  Any distinction between 11:59 p.m. on the day before the anniversary date and 12:01 a.m. on the anniversary date is akin to debating the number of angels dancing on the head of a pin.

■ The operative rule is that the duration of a time period during which a person suffers specified restrictions upon his freedom by virtue of either a sentence of imprisonment or community supervision includes the first day in which such restrictions upon freedom operate [26] and excludes the anniversary date.  The same day cannot be double counted.  This rule is logical, fair, and in accord with prior precedent construing the Code Construction Act.[27]

### III.

■ In this case, appellant was placed on "regular" community supervision on April 29, 1994.  The court of appeals held that his term of probation ended ten years

later on April 28, 2004.[28]  Because the term of community supervision began on the very day of "sentencing," appellant suffered some restrictions upon his freedom on that day.[29]  We necessarily reject the State's argument that appellant is required to serve ten years and a day when he was placed on community supervision for exactly ten years, no more, no less.

We therefore agree with the court of appeals that the trial court did not have the jurisdiction to revoke appellant's community supervision based on a motion to revoke filed the day after his term of community supervision expired.  We affirm the court of appeals.

KELLER, P.J., filed a concurring opinion.

HERVEY, J., filed a dissenting opinion, in which MEYERS and KEASLER, JJ., joined.

KELLER, P.J., filed a concurring opinion.

The question in this case is governed by statute, so we should consult the applicable rules of statutory construction.  When construing a statute, we give effect to the plain meaning of its language unless the language is ambiguous or the plain mean-

---

**23.** *Id.* at 651.

**24.** 993 S.W.2d 660 (Tex.Crim.App.1999).

**25.** *Id.* at 662.

**26.** *Compare State v. Aguilera*, 165 S.W.3d 695, 698 (Tex.Crim.App.2005) (trial court retains power to modify a sentence before the end of court on the same day as the sentence is originally imposed as long as the defendant has not yet started to serve his sentence).

**27.** *McGaughy v. Richardson*, 599 S.W.2d 113, 115 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e.).

**28.** *Nesbit*, 175 S.W.3d at 567–68; *see also Pino v. State*, 189 S.W.3d 911, 914–15 (Tex. App.-Texarkana 2006, no pet.) (following *Nesbit* and holding that defendant's deferred community supervision period expired on the day before the anniversary date).

**29.** Not only did the judgment explicitly state that appellant's community supervision began on April 29, 1994, but the conditions of his community supervision required him to participate in the Electronic Monitoring Program beginning that very day.  It is undisputed that this condition of community supervision restricted appellant's freedom to some extent on April 29, 1994.

ing leads to absurd results that the Legislature could not have possibly intended.[1] When two statutes appear to conflict, some additional considerations come into play. "If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both."[2] Where the conflict between the provisions is "irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail."[3] With these rules of construction in mind, I turn to the problem before us.

To determine the last day of appellant's probation, we must initially determine the *first* day. The statute that authorizes probation says that the trial judge will "*suspend* the imposition of the sentence and *place* the defendant on community supervision."[4] So, the suspension of sentence and the placing of the defendant on probation occur at the same time. Also, by statute, "[t]he defendant's sentence begins to run on the day it is pronounced," which includes delivering the defendant to jail or prison that day.[5] It is logical to conclude from these statutes that the defendant's probation *begins* to run on the date that the sentence, if not suspended, would have begun to run. Indeed, the probation statute employs some language tying the range of a probationary period to the range of time prescribed for a sentence. For felonies, "the minimum period of community supervision is the *same* as the min-

imum term of imprisonment applicable to the offense."[6] The maximum period of probation is ten years, which also happens to be the maximum term of imprisonment to which a defendant can be sentenced and still be eligible for probation.[7] So, the defendant serves the first day of his probation on the date the sentence is suspended.

The defendant's probation in this case was ten years. If the first day appellant served his probation was the date the sentence was suspended, then the last day would logically be the *day before* the ten-year anniversary date. If it were otherwise, the probation would last over ten years, which is not only longer than appellant's judgment provided for, but longer than is permissible by statute for a term of probation.

The State relies upon Government Code § 311.014 to support its contention that the last day of appellant's probation was the anniversary date. That statute provides:

(a) In computing a period of days, the first day is excluded and the last day is included.

(b) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday.

(c) If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from

---

1. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

2. Tex. Gov't Code § 311.026(a).

3. § 311.026(b).

4. Tex.Code Crim. Proc., Art. 42.12, §§ 3(a), 4(a)(emphasis added). "Community supervi-

sion" is the current statutory term for probation.

5. Tex.Code Crim. Proc., Art. 42.09, § 1.

6. Art. 42.12, § 3(b)(emphasis added), *see also* § 4(b).

7. Art. 42.12, §§ 3(b), (e)(1), 4(b), (d)(1).

which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month.[8] A "year" is defined elsewhere as "12 consecutive months."[9] But this computation scheme *excludes* the first day, rendering it inconsistent with the criminal procedure provisions that *include* the first day. Subsection (a), relating to days, is explicit in that regard. Subsection (c), relating to months, is not as explicit, but the judicial background of the computation rule and subsequent judicial construction indicates that such is the case.

Before this computation scheme was enshrined in statute, it was applied in *Pitcock v. Johns*.[10] In that case, the question was whether an account had been filed in a timely fashion so as to cause the attachment of a lien.[11] Statute required that the account be filed within six months after the indebtedness accrues.[12] The indebtedness accrued on February 28, 1957, the last day services were rendered, and the account was filed on August 29, 1957.[13] The party claiming a lien alleged that the time period should be computed as follows: (1) exclude the date of accrual, the "first"

day of the time period, February 28, 1957, (2) start counting from the next day, March 1, 1957, (3) compute six months by running the time period from the date on which counting starts to the corresponding date of the month in the sixth calendar month, resulting in the last day being September 1, 1957.[14] The court of civil appeals rejected this argument.[15] The court acknowledged as the "established rule in this state" that, "when time is to be computed from or after a certain day or date, the designated day is to be excluded and the last day of the period is to be included."[16] The court also acknowledged that, in reckoning months, one looked at the calendar from the date of accrual to the date with the corresponding number in the succeeding month.[17] The court declined to combine these rules to create the extra days appellant sought; rather, the time period ran from February 28 to August 28.[18]

The implication in *Pitcock* is that the "month" rule already incorporates the rule that "the first day is excluded." Several court of appeals decisions that have addressed the issue in the civil context have so held.[19] In two of these cases, courts of

---

8. Tex. Gov't Code § 311.014.

9. Tex. Gov't Code § 311.005(12).

10. 326 S.W.2d 563 (Tex.Civ.App.-Austin 1959, *writ ref'd*). A "refused" notation by the Texas Supreme Court means that that court has adopted the intermediate appellate court opinion as its own.

11. *Id.* at 564.

12. *Id.* at 564–565.

13. *Id.* at 565.

14. *Id.*

15. *Id.* at 565–567.

16. *Id.* at 565.

17. *Id.* at 565–566.

18. *Id.* at 565–567.

19. *Salahat v. Kincaid*, 195 S.W.3d 342, 345 (Tex.App.-Fort Worth 2006, *no writ*) (relying upon *Pitcock* and citing an unpublished opinion as "explaining that the method of computing a number of months from a particular day as set forth in § 311.014(c) already incorporates rule 4's requirement that the first day of a period is not counted but the last one is"); *Fisher v. Westmont Hospitality*, 935 S.W.2d 222, 224–226 (Tex.App.-Houston [14th Dist.] 1996, *no writ*)(relying upon *Pitcock* to reject an attempt to afford an extra day by combining Rule 4 with the "calendar month" rule); *McGaughy v. City of Richardson*, 599 S.W.2d 113, 114–115 (Tex.Civ.App.-Dallas 1980, *writ ref'd, n.r.e.*)(the "same numerical day rule" for

appeals rejected an attempt to combine the "exclude the first day" requirement in Rule 4 of the Texas Rules of Civil Procedure [20] with the monthly computation rule in § 311.014(c) to extend a statute of limitations by an extra day.[21] In the two other cases, the Dallas Court of Appeals held that, contrary to the ordinary operation of the "calendar month" rule, when the circumstances require that the first day be *included*, the last day is the *day before* the same numerical day in the concluding month.[22]

Because the "month" rule for computing time necessarily presupposes the exclusion of the first day, it irreconcilably conflicts with the probation statute's requirement that the first day be included. As the local or special provision, the probation statute prevails over the general computation-of-time statute found in the Government Code unless the Government Code provision was enacted later in time *and* the manifest intent is that the Government Code provision prevail. Even if we as-

sume that the provision now codified at § 311.014(c) was enacted later in time,[23] it cannot be said that the manifest intent of the Legislature was that this generic computation of time provision prevail over the more specific provisions found in the Code of Criminal Procedure.

With these comments, I concur in the Court's judgment.

HERVEY, J., filed a dissenting opinion in which MEYERS and KEASLER, JJ., joined.

I respectfully dissent. The trial court's judgment recites that appellant's ten-year community supervision ("probation") was to commence on April 29, 1994. The State filed its motion to revoke on April 29, 2004. The Court decides that the State's motion to revoke was filed one day too late, because appellant's ten-year probation began on April 29, 1994, and ended at midnight on April 28, 2004. I would decide that the State timely filed its motion to revoke

---

counting months "rests on another rule, that when time is to be computed from or after a designated day, the designated day will be excluded while the last day of the period is to be included"); *Moore v. Industrial Life Ins. Co.*, 549 S.W.2d 47, 48 (Tex.Civ.App.-Dallas 1977 *writ ref'd, n.r.e.*)("the inclusion of the day of the corresponding number in the final month is predicated on the exclusion of the day of that number in the initial month").

20. "In computing any period of time prescribed or allowed by these rules, by order of court, *or by any applicable statute*, the day of the act, event, or default after which the designated period of time begins to run is not to be included." Tex.R. Civ. P. 4 (emphasis added).

21. *Salahat* and *Fisher, supra; but see Hughes v. Autry*, 874 S.W.2d 887, 890 (Tex.App.-Austin 1994, *no writ*)(combining Rule 4 with the "calendar month" rule to afford an extra day, causing a three month statute of limitations to run from November 13, 1990 to February 14, 1991); *then see Salahat*, 195 S.W.3d at 344

(criticizing *Hughes* as an "anomaly") and *Fisher*, 935 S.W.2d at 224, 226 (criticizing the holding in *Hughes* as "contrary to the rule adopted by the Supreme Court" and "contrary to the majority position of the intermediate appellate courts").

22. *Moore*, 549 S.W.2d at 48 (although the general rule is that a calendar month runs from a given day in one month to the corresponding number in the concluding month, where two-month insurance policy became effective on July 2, the last day of the policy was September 1); *McGaughy*, 599 S.W.2d at 114–115 (despite language of predecessor to § 311.014(c), three-month probationary period for police officer appointed by city council that began on May 2 ended on August 1).

23. The probation statute was enacted in 1965, although the pertinent sections have been amended on several subsequent occasions. As *Pitcock* illustrates, the monthly computation rule was part of the common law before that time, but it was first codified in 1967 in Tex.Rev.Civ. St. 5429b–2 § 2,04(c).

because appellant's probation began some time on April 29, 1994, and ended at midnight on April 29, 2004.[1]

This Court has stated that the Code Construction Act set out in Chapter 311 of the Government Code controls the "computation of times provided in the Code of Criminal Procedure." *See Scott v. State*, 634 S.W.2d 853, 854–55 (Tex.Cr.App.1982). This case involves computing a period of probation provided in Article 42.12 of the Texas Code of Criminal Procedure. The Code Construction Act set out in Chapter 311 of the Texas Government Code should, therefore, control the time-computation issue in this case.

Section 311.005(12) of the Texas Government Code provides that a "Year" means "12 consecutive months." In computing a "year," therefore, it is necessary to compute "a number of months." Section 311.014(c) of the Texas Government Code provides, in relevant part, that if "a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun ..."[2] In this case, the "computation is begun" from April 29, 1994, which is the date that appellant's probation commenced under the terms of the trial court's judgment. Under the plain language of Section 311.014(c), ten years (or 120 months) from April 29, 1994, is and includes April 29, 2004, because this date is "the same numerical day in the concluding month as the day of the month from which the computation is begun." This comports with a majority of civil courts addressing similar time-computation issues. *See Salahat v. Kincaid*, 195 S.W.3d 342, 343–44 (Tex. App.-Fort Worth 2006, no writ) (and cases cited );[3] *see also Awadelkariem v. State*, 974 S.W.2d 721, 725 (Tex.Cr.App.1998)

1. The record does not reflect the exact time that appellant's probation commenced on April 29, 1994, or the exact time that the State filed its motion to revoke on April 29, 2004.

2. The Court's opinion states that the "operative rule is that the duration of a time period during which a person suffers specified restrictions upon his freedom by virtue of either a sentence of imprisonment or community supervision includes the first day in which such restrictions upon freedom operate [footnote omitted] and excludes the anniversary date." *See* Maj. op. at 69. This operative rule, however, could not be used to determine the last day of a one month period of· probation that commences on January 30 because there could be no February 30 "anniversary date." Section 311.014(c), however, could be used to determine the last day of the one month period of probation which would be February 28 in a non-leap year. *See* Section 311.014(c) (if "number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month").

3. In *Salahat*, the Court decided that the two-year statute of limitations period on a negligence cause of action accruing on February 25, 2002, ended on February 25, 2004. *See Salahat*, 195 S.W.3d at 344–45. In *Medina v. Lopez–Roman*, the Court decided that the two-year statute of limitations on a medical malpractice cause of action accruing on April 3, 1996, did not expire until April 3, 1998, and that the plaintiff's lawsuit filed on that day was timely. *See Medina v. Lopez–Roman*, 49 S.W.3d 393, 397–99 (Tex.App.-Austin 2000, writ denied). The Court rejected as "untenable" the defendants' claim that the two-year limitations period beginning on April 3, 1996, "expired on midnight of April 2, 1998, a 'full two years later'" and that the plaintiff's lawsuit filed on April 3, 1998, was, therefore, filed "one day too late." *See id.; Pitcock v. Johns*, 326 S.W.2d 563, 565–66 (Tex.Civ.App.-Austin 1959, writ ref'd) ("four years from September 26, 1945 expires on but includes September 26, 1949" and "period of time 'within six (6) months after' February 28, 1957, expired on August 28, 1957").

(achievement of harmony between criminal and civil precedent may also be considered in determining what rule to fashion). And, it comports with the rule applied in a majority of other jurisdictions.[4]

The Court, however, does not apply the plain language of Section 311.014(c) for computing "a number of months." Instead, it applies an old common-law rule for "computing a period of days." *See* Maj. op. at 67–69. The rule for computing a period of days is currently codified in Section 311.014(a) of the Texas Government Code. Section 311.014(a) states that in "computing a period of days, the first day is excluded and the last day is included." *See* Maj. op. at 67–68 (discussing this statutory rule). Applying this rule to this case, the State's motion to revoke was timely because the first day of appellant's probation would not be included but the last day would be included meaning that appellant's probation ended on April 29, 2004 (assuming that the three days for the leap years of 1996, 2000, and 2004 are not considered extra days of appellant's probation).[5] *Cf. Yokley*, 982 F.2d at 424–25 (leap year days not considered additional days of a defendant's sentence under definition of "year" as "period of twelve months commencing on a specified day of a particular month and terminating as of the same day of the same month in the succeeding year").

The Court's opinion, however, states that the rule codified in Section 311.014(a) does not apply in this case because "prior precedent construing the Code Construction Act" requires that the first day be included which means that the last day has to be excluded to avoid "double counting." *See* Maj. op. at 67–69.[6] The Court apparently decides that the first day (April 29, 1994) has to be included because this is when the probation-imposed restrictions on appellant's liberty began. *See id.*

The "prior precedent" upon which the Court primarily relies is a 1980 Dallas Court of Civil Appeals opinion in *McGaughy v. Richardson* stating:

The parties agree that use of "month" in computing time means a calendar month. The general rule is that a calendar month runs from the given day in one month to the day of the corresponding number in the next month. [Citation omitted]. This rule is also embodied in [the statutory predecessor to Section 311.014(c) ], which establishes the method for computing time limits in terms of months in legislative codes. That statute provides that if the number of months is to be computed "by counting the months from a particular

---

**4.** *See Yokley v. Belaski*, 982 F.2d 423, 424–25 (10th Cir.1992) (defining "year" as "period of twelve months commencing on a specified day of a particular month and terminating as of the same day of the same month in the succeeding year"); *City of Las Vegas v. Kitchell Contractors, Inc. Of Arizona*, 768 F.Supp. 742, 746 (D.Nev.1991) (in context of measuring time before or after a given event, "year" is usually interpreted to mean "a period of twelve months commencing at a fixed or designated month which terminate[s] with the day of the corresponding month in the next succeeding year thereafter"); *see generally* E.L. Strobin, Annotation, *What 12–Month Period Constitutes "Year" or "Calendar Year" as*

*Used in Public Enactment, Contract, or Other Written Instrument*, 5 A.L.R.3d 584 (1966).

**5.** The State's motion to revoke was, therefore, timely under every statutory method of computing time set out in Section 311.014.

**6.** Under an application of Section 311.014(c), there is no double counting in the sense that the same day (such as April 29, 1994) is being counted twice. In addition, there is no double counting in the sense that the same date (April 29) is being counted twice since Section 311.014(c) incorporates the "excluding the first day and including the last day" time-computation method. *See* Footnotes 10, 11.

day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun." This rule rests on another rule, that when time is to be computed *from* or *after* a designated day, the designated day will be excluded while the last day of the period is to be included. If the first day of the period is to be included, however, the last day of the period is to be excluded. [Citations omitted]. The last day is excluded in these cases because if the first day and the last day are both included, the period would be a month plus one day. [Citation omitted].

*McGaughy v. City of Richardson,* 599 S.W.2d 113, 114–15 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e.) (emphasis in original).

However, this common-law rule of excluding the last day when the first day is included is not codified in the Code Construction Act, and the Texas Supreme Court has also stated that this common-law rule is no longer recognized in most jurisdictions. *See Home Ins. Co. v. Rose,* 152 Tex. 222, 255 S.W.2d 861, 863 (Tex. 1953) ("It is said that [this] early common-law rule is in most jurisdictions no longer recognized").

It would appear, that, if any rule for computing a period of days applies to this case, it would be the rule currently codified in Section 311.014(a) of excluding the first day and including the last day. The

rationale for this rule has been explained as follows:

The law takes no notice of fractions of a day ... and time is not, therefore, computed from the hour of the day on which the event happens to the corresponding hour of the day of performance, but the computation is from the day when the act was done. Such day is regarded as a point in time, and the computation begins from the expiration of such day, as, if counted, it would fail to give the party affected the whole of that day, but would give only a factional part of it. [Footnote omitted].

In order to give potential litigants the full force and effect of the time allowed under any law, the first day must be excluded from the calculation. Otherwise, any portion, no matter how small, of the first day would constitute one whole day.

*See* Teresa D. Caskey Locke, *Oh What A Difference A Day Makes, Mattson v. U.S. West Communication, Inc.,* 62 UMKC L.Rev. 227, 230 (1993) (quoting *Massachusetts Bonding & Ins. Co. v. Home Life & Accident Co.,* 119 Ark. 102, 178 S.W. 314, 317 (Ark.1915)).[7]

This rationale also supports a decision that appellant's probation expired at midnight on April 29, 2004, under an application of the method for computing "a period of days" under Section 311.014(a) and under an application of the method for com-

---

**7.** This law review article criticizes the decision of the Eighth Circuit Court of Appeals in *Mattson v. U.S. West Communications, Inc.,* which also disregarded the general rule for computing a period of days of excluding the first day and including the last day, and held that the first day would be included and the last day excluded in calculating the one-year statute of limitations for filing suit under the applicable statute in that case. *See Mattson v. U.S. West Communications, Inc.,* 967 F.2d 259, 261–62 (8th Cir.1992). The Eleventh

Circuit Court of Appeals has noted that *Mattson* "appears to stand alone" and the Tenth Circuit Court of Appeals has noted that "[a]pparently, every other circuit to have weighed in on the issue has rejected the position adopted by *Mattson;* indeed, two circuits termed the position later adopted by *Mattson* 'frivolous.' " *See American Canoe Association, Inc., Sierra Club v. Attalla,* 363 F.3d 1085, 1089 n. 4 (11th Cir.2004); *Johnson v. Riddle,* 305 F.3d 1107, 1115 (10th Cir.2002).

puting "a number of months" under Section 311.014(c) even with the restrictions on appellant's liberty beginning on April 29, 1994, when his probation commenced.[8] *See also* Concurring op. at 5 (Keller, P.J., concurring) ("month" rule incorporates the rule that "the first day is excluded"). This rationale might also explain why the uncodified common-law rule for computing a period of days described in cases such as *McGaughy* and applied by the Court in this case is no longer recognized in most jurisdictions. *See Home Ins. Co.*, 255 S.W.2d at 863.[9]

Notwithstanding the foregoing, this case does not involve "computing a period of days." It involves computing a period of years, in this case a period of ten years.

*See also Yokley*, 982 F.2d at 424 (noting that it was computing "a term of years, not days"). Appellant was placed on probation for ten years, not 3,650 days (excluding the three days for the leap years of 1996, 2000, and 2004). Any rule, whether based on statute or common law, for computing a period of days should not apply to this case. This case should be controlled by the time-computation rule in Section 311.014(c).[10]

Finally, the Court's opinion suggests that applying the time-computation rule in Section 311.014(c) to this case is neither logical nor fair. But, applying this time-computation rule to this case is just as logical and fair as someone born on April 29 celebrating their birthday at any time

---

**8.** This rationale also explains why a defendant's ten-year probation (or sentence under Article 42.09, § 1, TEX.CODE CRIM. PROC.) can begin on the day that it is pronounced (e.g., April 29) but that, under the method of computing a period of days, this day (April 29) is excluded in calculating when this probation (or sentence) ends. *See* Locke, *supra* at 230 (this day [April 29] is "regarded as a point in time" with the computation beginning "from the expiration of such day," because, if this day [April 29] was counted, "it would fail to give the party affected the whole of that day, but would give only a fractional part of it"); *see also* Footnote 1 (record does not reflect exact time that appellant's probation commenced or exact time that State filed its motion to revoke).

**9.** The Presiding Judge's concurring opinion reads the provisions in the probation statute and the sentencing statute, that probation commences on the date that it is imposed, to also mean that "the first day be included" in computing when it ends. *See* Concurring op. at 2 (citing Article 42.12, §§ 3(a), 4(a), TEX. CODE CRIM. PROC., [probation statute], & Article 42.09, § 1, [sentencing statute] ), and at 6 (probation statute requires that "the first day be included"). From this, the concurring opinion concludes that the time-computation provisions in Section 311.014, providing for the exclusion of the first day, "irreconcilably conflict[ ]" with the probation statute's re-

quirement that "the first day be included." *See* Concurring op. at 6.

The probation and sentencing statutes, however, address only when probation commences. These statutes do not set out a time-computation method for determining when it ends. These statutes do not provide that "the first day be included" in computing when a probationary term expires. Under the probation and sentencing statutes and Section 311.014 of the Code Construction Act, a defendant's probation can commence on the day that it is pronounced (e.g., April 29) while this day can also be excluded in determining when it ends since the "law takes no notice of fractions of a day." *See* Footnote 8; Locke, *supra* at 230. These statutes do not irreconcilably conflict.

**10.** Footnote 13 of the Court's opinion cites *Ex parte Hale* for the proposition that a seven-year sentence imposed on October 7, 1991, ended on October 6, 1998, and *Ex parte Gabriel* for the proposition that an eight-year sentence imposed on July 19, 1989, ended on July 18, 1997. *See Ex parte Hale*, 117 S.W.3d 866, 867 (Tex.Cr.App.2003); *Ex parte Gabriel*, 56 S.W.3d 595, 596 (Tex.Cr.App.2001). In these cases, neither party made an issue of when the sentences expired, and the Court did not apply a time-computation rule for making this determination. These cases should not be considered precedent for the Court's decision in this case.

on April 29. The Court's opinion, however, would seem to require that this celebration occur before midnight on April 28.[11]

I respectfully dissent.

11. The Court also suggests that its holding is necessary to prevent appellant from having to serve an extra "day," which I assume means 24 hours. *See* Maj. op. at 69 (necessarily rejecting the argument that "appellant is required to serve ten years and a day when he was placed on [probation] for exactly ten years, no more, no less"). But, the time-computation rule applied by the Court in this case (of including the first day and excluding the last day) actually results in appellant serving less than ten years on probation. For example, suppose that appellant began serving his probation at 5:00 p.m. on April 29, 1994. Under the time-computation rule applied by the Court in this case, resulting in appellant's probation ending "at the stroke of midnight" on April 28, 2004, appellant's probation was shortened by 17 hours (almost a "day"). *See* Locke, *supra* at 230. Under these circumstances, the State is deprived of these 17 hours, and, if the State filed a motion to revoke before 5:00 p.m. on April 29, 2004, this motion would be considered untimely even though filed before the expiration of "exactly ten years." In the final analysis then, the time-computation rule applied by the Court does not require appellant to serve "exactly ten years." None of the time-computation rules discussed in the various opinions in this case are exactly precise. I would, however, apply a time-computation rule codified in our statutes and applied by a majority of jurisdictions rather than one based on personal notions of fairness and logic.