

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### Nos. PD-1157-06, PD-1158-06, PD-1159-06,
### PD-1160-06, PD-1161-06, PD-1162-06

### ROBERT C. EDWARDS, JR., Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**JOHNSON, J., filed a concurring opinion in which COCHRAN, J., joined.**

### C O N C U R R I N G   O P I N I O N

On July 16, 1996, appellant plead guilty to 2 felonies. The trial court placed appellant on deferred-adjudication community supervision for a period of eight years. Thus, appellant's community supervision would expire on July 15, 2004. *Nesbit v. State*, 227 S.W.3d 64 (Tex. Crim. App. 2007).

The state filed a motion to adjudicate on October 22, 2003, well within appellant's period of community supervision. The state filed an amended motion on January 29, 2004, in one felony,

and on April 2, 2004, on the other, both also within appellant's probationary period. These motions alleged violations of the conditions of supervision that were not plead in the original motion, but omitted the allegations of the original motion. On August 25, 2004, after appellant's community supervision expired, the state filed a second amended motion to adjudicate in each of the two causes. These motions combined the allegations contained in the timely filed motions of October 22, January 29, and April 2 and added new allegations as to four subsequent offenses. A hearing on the State's motion was carried with the appellant's simultaneous bench trials on the four subsequent felonies. Those trials ended on September 10, 2004–16 days after the last amended motion to adjudicate was filed–with a verdict of guilty on all four charges. At the same time, the trial court entered a verdict of guilty on the two unadjudicated offenses.

The Code of Criminal Procedure, article 42.12, § 2(2)(A), states that "community supervision" includes deferred adjudication. Article 42.12, § 21(b), permits the State to amend a motion to revoke in a felony case up to seven days before hearing. The requirement of amendment at least seven days before a hearing ensures that a defendant has adequate notice of the alleged violations of the terms of his supervision. Article 42.12, § 21(e), states that a court

> retains jurisdiction . . . to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant.

Reading this section together with Article 42.12, § 21(b), I conclude that the state may amend a motion to adjudicate a felony offense up to seven days before the hearing on the motion if, before the term of supervision expires, the state files a motion to adjudicate, and the trial court issues a capias for the arrest of the defendant. No one seems to be arguing either that the state failed to

timely file a motion to adjudicate or that the trial court failed to timely issue a capias. The trial court may adjudicate guilt if it finds that at least one alleged violation is true.

Each of the amended motions to adjudicate that were specified as the versions to be used as the bases for adjudication alleged, *inter alia*, violation of the terms of supervision by commission of the felonies that were litigated in the trial that ended on September 10. Those motions to adjudicate were filed more than seven days before the adjudication hearing. Several, if not most, of the allegations contained within the August amended motion were also alleged in the motions from October 22, 2003, January 29, 2004, and April 2, 2004. Appellant cannot, therefore, assert inadequate notice as to those allegations. Nor can he assert lack of notice as to the subsequent offenses for which he was tried and convicted. By finding appellant guilty of the felonies on trial, the trial court found true at least one alleged violation of appellant's terms of supervision.

Appellant argues that the second amended motion is void because it was not filed before his term of supervision expired and was therefore untimely, but he does not cite to authority in statute or case law that prohibits amendment after expiration of a term of supervision if the state timely filed the original motion to adjudicate and the trial court timely issued a capias. I conclude, therefore, that if a valid and timely original motion to adjudicate exists, it may be amended, before or after expiration of the term of supervision, up to seven days before the hearing on the motion.

I concur in the judgment of the Court.

Filed: February 6, 2008
Do not publish