

# IN THE
# TENTH COURT OF APPEALS

————————————

## No. 10-08-00331-CR

**DENNIS DEWAYNE FLOWERS,**

<b>Appellant</b>

**v.**

**THE STATE OF TEXAS,**

<b>Appellee</b>

————————————

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 29433F-361**

————————————

## MEMORANDUM  OPINION

————————————

Dennis Dewayne Flowers pleaded guilty to aggravated assault.  The trial court suspended Flowers's ten-year sentence and placed him on community supervision for five years.  Approximately four and a half years later, the State filed a motion to revoke. The trial court revoked Flowers's community supervision and sentenced him to eight years in prison.  Flowers's appellate counsel filed an *Anders* brief presenting one potential issue.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493

(1967). Although informed of his right to do so, Flowers did not file a *pro se* brief or response. The State did not file a brief. We affirm.

## STANDARD OF REVIEW

In an *Anders* case, we must, "after a full examination of all the proceedings, [] decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits*, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 1902, 100 L. Ed. 2d 440 (1988). Arguments are frivolous if they "cannot conceivably persuade the court." *Id*. at 426, 108 S. Ct. at 1901. An appeal is not frivolous if based on "arguable grounds." *Stafford,* 813 S.W.2d at 511.

## POTENTIAL ISSUE

Appellate counsel addresses whether the trial court abused its discretion by revoking Flowers's community supervision and sentencing him to eight years in prison at the end of his probationary term.[1] *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (A trial court's revocation order is reviewed for abuse of discretion.).

---

[1]    Specifically, appellate counsel states that community supervision was revoked one day before the probationary term expired. However, even though the judgment was not filed of record until August 22, 2003, the term of community supervision began on August 11, 2003 when the trial court orally pronounced sentence and ended on August 10, 2008. *See Nesbit v. State*, 227 S.W.3d 64, 69 (Tex. Crim. App. 2007). The revocation hearing was held on August 21, 2008, eleven days after the term expired.

The State's motion alleged that Flowers failed to pay court costs and supervision fees, failed to report six arrests to his community supervision officer, and committed thirteen new offenses. Flowers pleaded "not true" to the State's allegations.

At a hearing on the State's motion, Officer Lesli Poe testified to three of the alleged offenses. Specifically, Poe stopped Flowers for not wearing his seatbelt, discovered that his license was suspended, and found marihuana and a crack pipe in Flowers's vehicle.[2] Poe's testimony establishes that Flowers violated a condition of his community supervision. *See Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd) (Proof of "any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order."); *see also Jordan v. State*, No. 01-06-00133-CR, 2007 Tex. App. LEXIS 3701, at *4-5 (Tex. App.—Houston [1st Dist.] May 10, 2007, no pet.) (not designated for publication) (Officer's testimony that he found a bag of cocaine in Jordan's sock showed "by a preponderance, that [Jordan] 'had committed an offense against the laws of the State.'"). Flowers cannot "successfully challenge *each* finding on which the revocation is based." *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. dism'd) (emphasis added).

Moreover, the eight-year sentence imposed by the trial court is within the range of punishment. *See* TEX. PEN. CODE ANN. §22.02(a)(1), (b) (Vernon Supp. 2008) (Aggravated assault is a second degree felony); *see also* TEX. PEN. CODE ANN. §12.33(a)

---

[2] Poe testified that other passengers were in the vehicle. However, in a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to give their testimony. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981); *see also Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd).

(Vernon 2003) (Second degree felony is punishable by two to twenty years in prison); *Haynes v. State*, No. 05-07-01769-CR, 2008 Tex. App. LEXIS 9531, at *1-3 (Tex. App.—Dallas Dec. 19, 2008, no pet.) (not designated for publication) (Trial court revoked Haynes's community supervision and sentenced him to eight years in prison; the original sentence was ten years); *Lingle v. State*, No. 02-04-00582-CR, 2005 Tex. App. LEXIS 7219, at *1-3 (Tex. App.—Fort Worth Aug. 31, 2005, pet. ref'd) (not designated for publication) (Trial court revoked Lingle's community supervision and sentenced him to nine years in prison, "a shorter term of confinement than he originally agreed to serve" and "within the range of punishment.").

As was done in this case, a trial court may revoke community supervision even if the probationary term has expired, as long as the State files a motion to revoke and a capias is issued before the term expires. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 §21(e) (Vernon Supp. 2008). The trial court did not abuse its discretion by revoking Flowers's community supervision and sentencing him to eight years in prison.

## INDEPENDENT REVIEW

Having conducted an independent review of the record, we find this appeal to be wholly frivolous. We affirm the judgment. Pursuant to Rule of Appellate Procedure 48.4, counsel must send Flowers a copy of our decision by certified mail, return receipt requested, at Flowers's last known address. TEX. R. APP. P. 48.4. Counsel must also notify Flowers of his right to file a *pro se* petition for discretionary review. *Id.*; *see also Ex parte Owens*, 206 S.W.3d 670, 673-74 (Tex. Crim. App. 2006); *Villanueva v. State*, 209 S.W.3d 239, 249 (Tex. App.—Waco 2006, no pet.). We grant counsel's motion to

withdraw, effective upon counsel's compliance with the aforementioned notification requirement as evidenced by "a letter [to this Court] certifying his compliance." *See* TEX. R. APP. P. 48.4.

FELIPE REYNA
Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
      (Chief Justice Gray concurring with note)*
Affirmed
Opinion delivered and filed November 4, 2009
Do not publish
[CR25]

*      (Chief Justice Gray concurs in the judgment of the Court only to the extent it affirms the trial court's judgment. A separate opinion will not issue.)