**AFFIRM; and Opinion Filed April 2, 2014.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-01152-CR

### MARIO ALVERTO RODRIGUEZ, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-0637100-L**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Brown
Opinion by Justice O'Neill

Appellant Mario Alverto Rodriguez pleaded guilty to the felony offense of DWI third on September 20, 2006. On November 21, 2006, the trial court sentenced him to ten years' confinement, probated for five years, a $1,000 fine, and $12,000 in restitution. The State filed a motion to revoke probation on March 29, 2010. Another motion to revoke probation was filed on March 31, 2011 and capias was issued. The motion and capias were served on appellant on May 22, 2013. On July 12, 2013, the trial court revoked appellant's community supervision and sentenced him to four years' imprisonment. In a single issue, appellant argues the trial court was without jurisdiction at the time it revoked his probation because his five-year probation period had expired. We affirm.

To support his argument on appeal, appellant alleges, "At the time of his hearing upon the motion to revoke probation, it appears that no arrest warrant had been filed pursuant to the most recent motion to revoke." Appellant is incorrect.

Article 42.12 of the Texas Code of Criminal Procedure sets out the law with respect to community supervision. TEX. CODE CRIM. PROC. ANN. ART. 42.12 (West 2013). The relevant section regarding a trial court's jurisdiction provides the following:

> (e) A court retains jurisdiction to hold a hearing under Subsection (b-2) and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the state files a motion to revoke, continue, or modify community supervision and a capias is issued for arrest of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 42.12, §21(e).

Appellant's five-year period of community supervision began on November 21, 2006 and expired on November 20, 2011. *See Nesbit v. State*, 227 S.W.3d 64, 69 (Tex. Crim. App. 2007) (holding the term of community supervision begins on the day of sentencing and expires on the day before the anniversary date); s*ee also State v. Crecy*, No. 05-11-01003-CR, 2012 WL 2106534, at *2 (Tex. App.—Dallas June 12, 2012, pet. ref'd) (mem. op., not designated for publication). The State filed a motion to revoke community supervision and issued capias on March 31, 2011, which fell within the trial court's jurisdiction under article 42.12, section 21(e). Thus, the trial court retained jurisdiction over this case and properly revoked appellant's community supervision.

Appellant's sole issue is overruled, and the judgment of the trial court is affirmed.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
Tᴇx. R. Aᴘᴘ. P. 47

131152F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARIO ALVERTO RODRIGUEZ,
Appellant

No. 05-13-01152-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F-0637100-L.
Opinion delivered by Justice O'Neill.
Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 2nd day of April, 2014.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE

–4–