Opinion filed July 24, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00210-CR
_____

## VICKI LYNN SHROYER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**

**Scurry County, Texas**

**Trial Court Cause No. 9107**

## M E M O R A N D U M   O P I N I O N

Appellant Vicki Lynn Shroyer entered a plea of guilty to the offense of theft of currency valued at more than $1,500 but less than $20,000. Pursuant to a plea agreement, the trial court assessed punishment at confinement for two years in a state jail facility and a fine of $500, suspended the imposition of Appellant's sentence, and placed her on community supervision for five years. The State later filed a motion to revoke community supervision, and after a hearing, the trial court revoked Appellant's community supervision and sentenced her to confinement for

two years. In two issues, Appellant challenges the trial court's jurisdiction to revoke her community supervision. We affirm.

Appellant pleaded guilty at a hearing on December 4, 2006. The trial court found her guilty and set a hearing for January 12, 2007, at which time the trial court would assess punishment. At the January hearing, the trial court sentenced Appellant to confinement in a state jail facility for two years but probated her sentence and ordered that she complete five years of community supervision. The court also ordered that she pay a fine, court costs, and restitution. The judgment that the court signed reflected these oral pronouncements and was file-stamped on January 12, 2007, the day of the hearing, but the judgment erroneously bore the date of the prior hearing on December 4, 2006, the day on which Appellant entered her plea and was found guilty. The judgment also contained Appellant's thumbprint, and the date next to Appellant's thumbprint was January 12, 2007.

In a letter dated January 23, 2007, the prosecutor memorialized a conversation that she had with Appellant's trial counsel in which both parties agreed that the judgment incorrectly reflected the date of the guilty plea rather than the date of sentencing. The letter contained a handwritten note in which Appellant's attorney acknowledged the error. In accordance with this agreement, the date on the first page of the judgment was changed from December 4, 2006, to the correct date of January 12, 2007. However, the signature page was not corrected and continued to reflect the earlier date of December 4, 2006.

On January 11, 2012, the State filed a motion to revoke Appellant's community supervision. The trial court heard and granted the motion, but before the imposition of the sentence, Appellant filed a motion to dismiss in which she argued that the State's motion to revoke was not timely because the five-year period of community supervision, which she argued started on December 4, 2006, rather than on January 12, 2007, as reflected in the original judgment, had expired.

2

The trial court held a hearing and denied the motion to dismiss because it concluded that it was permitted to correct such a clerical error at any time. The trial court sentenced Appellant to confinement in a state jail facility for two years, and this appeal followed.

In her first issue, Appellant asks us to decide whether the State timely filed its motion to revoke community supervision. In her second issue, Appellant argues that the judgment was incorrectly modified because replacing one page of the previous judgment did not constitute a proper nunc pro tunc judgment. Appellant contends that, because the trial court improperly corrected the date reflected in the judgment, the earlier date that was first entered is controlling and that, thus, the State's motion to revoke was filed after the expiration of the five-year period of community supervision. Appellant argues that the earlier date must control because changing the date would extend the time period in which the State could move to revoke community supervision. Both issues challenge the timeliness of the State's motion to revoke. The State's filing of a motion to revoke prior to the expiration of the period of community supervision triggers the trial court's jurisdiction to conduct a hearing on the motion and to revoke community supervision. Therefore, it is important to our decision in this case for us to determine when the period of community supervision expired.

"A judge, in the best interest of justice, the public, and the defendant, after conviction or a plea of guilty or nolo contendere, may suspend the imposition of the sentence and place the defendant on community supervision or impose a fine applicable to the offense and place the defendant on community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3(a) (West Supp. 2013). A court retains jurisdiction to hold a hearing "and to revoke, continue, or modify community supervision, regardless of whether the period of community supervision imposed on the defendant has expired, if before the expiration the attorney representing the

3

state files a motion to revoke, continue, or modify community supervision and a capias is issued for the arrest of the defendant." *Id.* § 21(e).

When calculating the period of community supervision, we include the first day of community supervision and exclude the anniversary date. *Nesbit v. State*, 227 S.W.3d 64, 69 (Tex. Crim. App. 2007). The first day of community supervision is the first day "during which a person suffers specified restrictions upon his freedom by virtue of either a sentence of imprisonment or community supervision." *Id.* In *Nesbit*, the defendant was placed on community supervision on April 29, 1994, for a period of ten years. *Id.* at 66. The court of appeals concluded that the State's motion to revoke that was filed on April 29, 2004, was not timely because the period of community supervision expired on April 28, 2004. *Id.* at 69. The first day of the defendant's community supervision began on the day of sentencing both because the judgment explicitly stated that community supervision began that day and because one condition of community supervision required the electronic monitoring of the defendant in his home from April 29, 1994, until September 5, 1994. *Id.* at 66, 69 n.29.

Here, the trial court accepted Appellant's guilty plea and found her guilty on December 4, 2006. At the close of that hearing, the trial court noted that Appellant was "currently released on bond" and that she would need to appear for a sentencing hearing on January 12, 2007. Regardless of the date listed on the judgment and whether the trial court properly corrected the date, the record shows that Appellant's freedom was not restricted until the trial court placed her on community supervision at the hearing on January 12, 2007. The "period of community supervision" depends on when Appellant's freedom was actually restricted. When the trial court corrected the judgment to reflect the correct date of sentencing, it did not extend the time for filing the motion, it corrected a clerical error. The time for filing the motion is computed from the date Appellant's

4

freedom was restricted, and that date was January 12, 2007, as shown in the agreed amended judgment. *See Nesbit*, 227 S.W.3d at 69. Because Appellant was not placed on community supervision until January 12, 2007, the five-year period of community supervision expired on January 11, 2012.

The State filed its motion to revoke on January 11, 2012, and the trial court issued a capias for Appellant's arrest the same day. Thus, the State's motion to revoke was timely filed on the last day of the supervision period, and the trial court had jurisdiction to hold a hearing and to revoke community supervision in this case. Accordingly, we overrule both of Appellant's issues on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


July 24, 2014

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.