Larry Joseph **GUILLOT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 53254.

Court of Criminal Appeals of Texas.

Dec. 1, 1976.

Harold J. Laine, Jr., Port Arthur (on appeal only), for appellant.

Tom L. Hanna, Dist. Atty., Paul E. Naman, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On March 27, 1972, appellant entered a plea of guilty to an indictment charging him with the offense of passing as true a forged instrument. His punishment was assessed at three (3) years, but imposition of sentence was suspended and he was placed on probation subject to certain conditions, including:

"(a) Commit no offense against the laws of this State or any other State or the United States."

On February 18, 1975, a motion to revoke probation was filed alleging that the appellant had violated probation by speeding, by driving without a license, by carrying a prohibited weapon and being in possession of cocaine on January 18, 1975 in Chambers County, where the motion alleged he was presently confined. A capias for appellant's arrest was issued the same day. Subsequently, a bench warrant was issued for the appellant. Thereafter on May 1, 1975 (after the probationary period had expired on March 27, 1975), an amended motion to revoke was filed alleging, but in greater

detail, the same violations of probation which had been pleaded in the revocation motion filed on February 18th with the exception that the amended motion alleged the possession of heroin instead of cocaine.

As a result of the charges against the appellant in Chambers County, there appears to have been some delay in his return to Jefferson County. On May 27, 1975, a revocation hearing was conducted. After hearing most of the evidence to be offered, the court passed the matter until June 9, 1975 at appellant's request in order for him to obtain a witness. It was then passed until June 16, 1975, at which time the court revoked probation upon the four grounds alleged.

The record reflects that on January 18, 1975 Harry Styles, a highway patrolman for the Texas Department of Public Safety, was on duty in Chambers County when he received a radio report that there was a blue Buick proceeding toward Houston on Interstate 10 with an occupant who seemed to be very intoxicated. A few moments later, Styles observed a car meeting that description proceeding toward Houston on Interstate 10 at a speed of 65 miles per hour in a 55 mile per hour zone. Styles gave pursuit with his red lights shining and the car pulled over to the side of the road and stopped. Appellant, the driver, got out of the car and approached Styles. Appellant had no driver's license. The passenger in the car was passed out and Styles had to assist him into the patrol car. At this time Styles noticed appellant pull up his trouser leg and remove a brown paper sack from his sock and throw it under the car. Styles recovered the sack and found that it contained a brown substance which resembled heroin or cocaine. Both appellant and the passenger were placed under arrest. Styles then radioed for a wrecker and when it arrived to haul appellant's car away Styles searched the car. Sticking out from under the front seat on the passenger's side he observed the butt of a pistol which he retrieved. A further search revealed an automatic pistol under the seat behind the first pistol. Both pistols were loaded.

■ On appeal for the first time the appellant contends the motions to revoke were fatally defective in that both alleged the appellant was convicted and placed on probation on March 27, 1973 instead of March 27, 1972. While it is true that the motions contained such allegations, it is obvious that the same was the result of clerical errors. An Assistant District Attorney testified he was present in court when the appellant was convicted on March 27, 1972. Further, the judgment, order revoking probation and docket sheet, all in the record approved without objection, reflect the correct date of conviction. The trial court also can take judicial notice of the correct date of conviction and the granting of probation. No error is shown. *Mason v. State*, 495 S.W.2d 248 (Tex.Cr.App.1973); *Isabell v. State*, 494 S.W.2d 572 (Tex.Cr.App.1973).

■ Appellant next urges that the court erred in revoking probation after the term of probation had expired. It is true that in order for the court to have jurisdiction to revoke probation both the motion to revoke and capias for arrest must be issued prior to the termination of the probationary period. *Nicklas v. State*, 530 S.W.2d 537 (Tex.Cr. App.1975); *Coffey v. State*, 500 S.W.2d 515 (Tex.Cr.App.1973). See also *Lynch v. State*, 502 S.W.2d 740 (Tex.Cr.App.1973); *Howard v. State*, 495 S.W.2d 252 (Tex.Cr.App.1973); *Pollard v. State*, 172 Tex.Cr.R. 39, 353 S.W.2d 449 (1962). Appellant calls attention to the fact that the amended motion to revoke was filed after the termination of the probationary period and no capias was issued thereafter.

■ It is observed that where the revocation motion is filed and the capias or arrest warrant issues prior to the expiration of the probationary period, the hearing conducted after the expiration of such but shortly after arrest is considered proper. See *Ex parte Fennell*, 162 Tex.Cr.R. 286, 284 S.W.2d 727 (1955); *Leija v. State*, 167 Tex. Cr.R. 300, 320 S.W.2d 3 (1958); *Ortega v. State*, 414 S.W.2d 465 (Tex.Cr.App.1967); *Cox v. State*, 445 S.W.2d 200 (Tex.Cr.App. 1969); *Bobo v. State*, 479 S.W.2d 947 (Tex. Cr.App.1972); *Bryant v. State*, 496 S.W.2d

565 (Tex.Cr.App.1973); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975); *Strickland v. State*, 523 S.W.2d 250 (Tex.Cr.App. 1975). And this is particularly true where the court's order of arrest is followed by a diligent effort to apprehend and to hear and determine the claimed violation, *Stover v. State*, 365 S.W.2d 808 (Tex.Cr.App.1963), or where the delay is due to the actions of the defendant. See *Bryant v. State*, supra.

In such cases, however, the right of the court to revoke is limited to those violations of probation alleged in the revocation motion filed prior to the expiration of the probationary period. *McBee v. State*, 166 Tex.Cr.R. 562, 316 S.W.2d 748 (1958); *Cox v. State*, supra (Concurring Opinion); *Standley v. State*, supra, footnote # 1.

In the instant case the State filed its revocation motion on February 18, 1975, and capias was issued the same day. Although the hearing was held after the expiration of the probationary period,[1] the motion filed on February 18th was still pending and gave the court jurisdiction to pass on the question of revocation on the basis of violations alleged in that motion. The amended motion to revoke filed after the expiration of the probationary period did not confer jurisdiction on the court and was a nullity. The court was authorized to revoke, if supported by evidence, upon the grounds alleged with the exception of the allegation as to the possession of heroin, which allegation is found only in the amended motion. Support for the fact that the court utilized the revocation motion filed on February 18th is found in the order revoking probation and on the docket sheet, where the only mention of a revocation motion is to that filed on February 18th.

We overrule appellant's contention.

In his remaining grounds of error appellant attacks the sufficient of the evidence to sustain the charge of speeding, and contends the pistols were obtained by an illegal search and seizure. Appellant's contentions appear to be without merit, but we

need not pass on such contentions. The record reflects that when asked how he pleaded to the allegation that he did not have a valid operator's license he pleaded "True," which was alone sufficient to support revocation. *Mitchell v. State*, 482 S.W.2d 221 (Tex.Cr.App.1972). Further, the evidence offered at the hearing supports such allegation in the revocation motion filed on February 18th.

The judgment is affirmed.

---

1. The delay in conducting the hearing appeared to stem from obtaining appellant's transfer from Chambers County jail to Jefferson County jail. See and cf. *Bryant v. State*, supra.