jackson v. state 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-93-274-CR




TOMMY LEE JACKSON,




 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE 



 




FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 39,779, HONORABLE RICK MORRIS, JUDGE PRESIDING



 




 On April 12, 1991, appellant pled guilty to the offense of indecency with a child
by contact and, pursuant to a plea agreement, was sentenced by the trial court to a probated
sentence of ten years' confinement in the Texas Department of Criminal Justice Institutional
Division. Tex. Penal Code Ann. § 21.11(a)(1) (West 1989). On January 11, 1993, the State
moved to revoke appellant's probation, alleging that he had committed sixteen violations of the
conditions of his probation. On April 21, 1993, at a hearing before the trial court, appellant pled
true to two of the violations. At the conclusion of the hearing, the trial court found that appellant
had committed thirteen of the fourteen remaining violations and revoked appellant's probation. (1) 
Appellant appeals from this judgment, claiming that (1) the trial court erred in refusing to find that
his court-appointed attorney was ineffective, and (2) the trial court abused its discretion in
revoking his probation for failure to pay court costs and supervisory fees. We will affirm the trial
court's order.


INEFFECTIVE ASSISTANCE OF COUNSEL


 In his first point of error, appellant asserts that the trial court erred in refusing to
find appellant's court-appointed counsel ineffective for (1) failing to meet with him and review
the charges against him prior to his trial, (2) failing to vigorously defend him as to thirteen of the
fourteen charges to which he pled "not true," (3) failing to offer mitigating evidence as to the two
charges to which he pled true, (4) failing to invoke the rule, and (5) failing to request as an
alternative to revocation that more restrictive terms of probation be ordered.

 The proper standard for determining claims of ineffective assistance of counsel was
set out by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). 
See Jackson v. State, 877 S.W.2d 768, 770-71 (Tex. Crim. App. 1994); Hernandez v. State, 726
S.W.2d 53 (Tex. Crim. App. 1986). First, the defendant must show that counsel's performance
was deficient, to the extent that counsel failed to function as the counsel guaranteed by the Sixth
Amendment. Strickland, 466 U.S. at 687; Jackson, 877 S.W.2d at 771. Second, the defendant
must show that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at
687; Jackson, 877 S.W.2d at 771. To show prejudice, the defendant must show that "there is a
reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding
would have been different. A reasonable probability is a probability sufficient to undermine
confidence in the outcome." Strickland, 466 U.S. at 694; Jackson, 877 S.W.2d at 771; Wilkerson
v. State, 726 S.W.2d 542, 550-51 (Tex. Crim. App. 1986), cert. denied, 480 U.S. 940 (1987).

 The defendant bears the burden of proof on both of these prongs. Jackson, 877
S.W.2d at 771. Furthermore, the reviewing court "must indulge a strong presumption that
counsel's conduct falls within the wide range of reasonable professional assistance; that is, the
defendant must overcome the presumption that, under the circumstances, the challenged action
`might be considered sound trial strategy.'" Strickland, 466 U.S. at 689; Jackson, 877 S.W.2d
at 771. In other words, the record presented to the reviewing court must rebut the presumption
of reasonable professional assistance. Jackson, 877 S.W.2d at 771. (2)

 Appellant first claims that his trial counsel was ineffective for failing to meet with
him and review possible defenses to each of the charges against him. (3) The only witnesses at the
hearing on appellant's motion for new trial were appellant and appellant's probation officer. Trial
counsel was not called as a witness. Both of the witnesses' testimony was limited to the actions
of appellant's trial counsel. For instance, appellate counsel questioned the probation officer
regarding trial counsel's failure to ask why some of the dates appellant was alleged to have failed
to report did not correspond to dates that appellant was ordered to report under the terms of his
probation. After the probation officer responded that appellant was "ordered to report also as the
court directs," but agreed that the trial counsel did not question her about this, appellate counsel
responded "Okay. I'm not going to ask you to look into your records right now because it would
be too time consuming." Similarly, when questioning appellant regarding trial counsel's
investigation of his failure to report, appellant stated that his trial counsel did not seek an
explanation for his failure to report, nor present evidence of any telephone calls he made to the
probation officer; however, appellant offered no explanations, nor did he present any evidence
of telephone calls. As these instances demonstrate, appellant did not present any new evidence
of any defense to the revocation charges at the hearing on the motion for new trial. We do not
believe this evidence is sufficient to show that counsel's performance was deficient, nor does it
show a reasonable probability that the result of the revocation proceeding would have been
different had trial counsel met with appellant, especially in light of the fact that appellant pled true
to two of the allegations. See Wilkerson, 726 S.W.2d at 550-51.

 Appellant also claims his trial counsel was ineffective for failing to "vigorously"
defend him, offer mitigating evidence, invoke the rule, and request more restrictive terms of
probation as an alternative to revocation. The record is silent as to trial counsel's reasons for
failing to take these actions, nor is there any testimony that failing to take these actions was not
within the wide range of reasonable professional assistance. Thus, we find no evidence to rebut
the presumption that trial counsel used reasonable professional judgment in defending appellant. 
See Jackson, 877 S.W.2d at 771. We overrule appellant's first point of error.


REVOCATION OF PROBATION


 In his second point of error, appellant asserts that the trial court abused its
discretion by revoking appellant's probation for failure to pay court costs and supervisory fees. 
However, appellant does not challenge any other ground upon which his probation was revoked,
including the two allegations to which he pled true. A plea of true to one ground is sufficient to
support a revocation of probation. Taylor v. State, 604 S.W.2d 175, 180 (Tex. Crim. App.
1980); Jones v. State, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978); Benoit v. State, 561
S.W.2d 810, 818-19 (Tex. Crim. App. 1977); Guillot v. State, 543 S.W.2d 650, 653 (Tex. Crim.
App. 1976). Thus, we overrule appellant's second point of error.


CONCLUSION


 The order revoking probation is affirmed.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: August 31, 1994

Do Not Publish
1. Appellant pled true to two allegations of marihuana use. The trial court found
appellant had committed these violations, and also found appellant had committed eleven
violations for failing to report to his probation officer, one violation for failure to pay
court costs, and one violation for failure to pay supervisory fees. The court did not find
that appellant had committed one alleged violation for possessing cocaine. 
2. In a concurring opinion in Jackson, Judge Baird noted that, because of time constraints
in obtaining evidence, "As a general rule, one should not raise an issue of ineffective
assistance of counsel on direct appeal." Jackson, 877 S.W.2d at 772 (Baird, J., concurring).
3. Appellant acknowledged that trial counsel had represented him in a companion case
relating to the first ground for revocation, possessing cocaine. That case was ultimately
dismissed. Appellant admits he was effectively represented as to this ground of
revocation, but complains of the representation for the remaining grounds.