IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,466






EX PARTE WALLACE CLARK DOBYNS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM MONTAGUE COUNTY






 Keller, P.J., filed a dissenting opinion in which HERVEY and COCHRAN, JJ.
joined.



 Without the benefit of a full record, this Court grants relief on the ground that jurisdiction
did not attach to a State's amended motion to adjudicate guilt. The record before us indicates that
the original motion was timely filed, that the parties and the court agreed that a portion of the
amended motion contained allegations identical to those in the original motion, and that the
defendant pled true to that portion of the amended motion, in accordance with a plea agreement,
while knowing this state of affairs. Under the circumstances, I cannot agree with the Court's
disposition.

 At the hearing on the motion to revoke, the State announced that it would rely upon the
original motion. After an off-the-record discussion, the trial court said that instead of the State
moving to dismiss the amended motion, it would move to dismiss "count one of the first amended
motion." The following then occurred:

 THE COURT: We have had a brief discussion off the record as to whether or not an
amended motion to proceed with adjudication of guilt could be filed after the
expiration date of the probationary period. Now, Mr. Dobyns, do you understand
what that discussion was about?


 THE DEFENDANT: Yes, sir.

 ...


 THE COURT: If, in fact, the motion was unenforceable as a result of that, would
that alter your plea bargain agreement? Would it alter your decision to plead guilty
in Cause No. 04-05-0059M-CR, or would it alter your decision to enter a plea of
guilty in Cause No. 04-08-0106M-CR?


 THE DEFENDANT: No, sir.

 ...


 THE COURT: In effect, the amended motion, when count one is deleted, then, is
identical to the prior motion to proceed with adjudication of guilt except the
numbering counts are different, is that correct?


 MR. BRATTON [defense counsel]: Yes, sir.


 The court began reading the allegations to applicant, and just after the court asked if he
needed to read each of allegations 5 through 57, there appears to be a page missing from the record. 
It resumes with the court finding the allegations true. In accordance with the plea agreement, by
which applicant disposed of these three cases and one unadjudicated case, he was sentenced to 18
years.

 The file does not contain the trial attorney's affidavit, which might shed more light on these
proceedings. There is this reference to the affidavit in the writ hearing, by the prosecutor:

 We haven't seen Mr. Bratton's affidavit and, honestly, we may not need to file, but
would like to file an affidavit if necessary.


 Before granting relief and at least implicitly finding Mr. Bratton ineffective, we should
determine the reasons for his conduct. 

 Moreover, I find nothing in the record before us to warrant granting relief. We have said that
in order for a court to have jurisdiction to revoke probation, the motion to revoke must be filed
before the end of the probationary period, (1) and in this case a motion to revoke was timely filed. In
Guillot we also said that "the right of the court to revoke is limited to those violations of probation
alleged in the revocation motion filed prior to the expiration of the probationary period." (2) Again,
that is exactly what happened in this case - applicant's probation was revoked on the basis of
allegations made prior to the expiration of the probationary term. There was nothing wrong with this
adjudication because the motions were substantively identical, and the trial court found all the
allegations true anyway. Applicant agreed to the deal after being told explicitly that there might be
an issue about the amended motion. Given these circumstances, applicant is not entitled to relief.

 I respectfully dissent.

Date filed: June 28, 2006

Do not publish



 
1. Guillot v. State, 543 S.W.2d 650, 652 (Tex. Crim. App. 1976).
2. Id.