**Opinion filed April 28, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00345-CR

_____

### TYE RELYEA JAMES, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-35,283**

### M E M O R A N D U M   O P I N I O N

Tye Relyea James appeals from two judgments revoking his community supervision. He originally pleaded guilty to the offenses of robbery and kidnapping. The trial court assessed punishment but suspended the imposition of appellant's sentence and placed him on community supervision for ten years. The State subsequently filed a motion to revoke community supervision, alleging that appellant had violated certain terms and condition of his community supervision. The trial court revoked his community supervision and assessed punishment at

confinement for ten years for each offense. The court also imposed a fine of $2,000 for the robbery offense. We affirm.

In his sole issue on appeal, appellant argues that the trial court erred in revoking his community supervision based upon his failure to make the required payments. Appellant urges that he was unable to make the payments. We need not reach the merits of appellant's contention because the revocation of his community supervision was justified on other grounds.

A single, sufficient ground for revocation will support a trial court's order revoking community supervision. *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978). The State moved for revocation on three grounds: (1) failure to make the minimum monthly payment toward his restitution and community supervision fees, (2) failure to perform community service as required in the order granting community supervision, and (3) committing an assault. The record shows that appellant entered a plea of true to the allegation that he failed to perform community service as required. After a hearing, the trial court found all of the allegations to be true. On appeal, appellant does not challenge the trial court's findings regarding community service or assault. Appellant's plea of true, standing alone, is sufficient to support the revocation of his community supervision. *Guillot v. State*, 543 S.W.2d 650, 653 (Tex. Crim. App. 1976). Furthermore, the revocation is justified on the two grounds not challenged on appeal by appellant. *O'Neal v. State*, 623 S.W.2d 660 (Tex. Crim. App. 1981); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). The trial court did not abuse its discretion in revoking appellant's community supervision.

The judgments of the trial court are affirmed.


PER CURIAM

April 28, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[1] consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[1]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

2