Opinion filed April 28,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00345-CR 

                                                    __________

 

                                  TYE
RELYEA JAMES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 244th District Court

 

                                                             Ector
County, Texas

 

                                                   Trial
Court Cause No. C-35,283 

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Tye
Relyea James appeals from two judgments revoking his community supervision.  He
originally pleaded guilty to the offenses of robbery and kidnapping.  The trial
court assessed punishment but suspended the imposition of appellant’s sentence
and placed him on community supervision for ten years.  The State subsequently
filed a motion to revoke community supervision, alleging that appellant had
violated certain terms and condition of his community supervision.  The trial
court revoked his community supervision and assessed punishment at confinement
for ten years for each offense.  The court also imposed a fine of $2,000 for
the robbery offense.  We affirm.  

            In
his sole issue on appeal, appellant argues that the trial court erred in
revoking his community supervision based upon his failure to make the required
payments.  Appellant urges that he was unable to make the payments.  We need
not reach the merits of appellant’s contention because the revocation of his
community supervision was justified on other grounds. 

            A
single, sufficient ground for revocation will support a trial court’s order
revoking community supervision.  Jones v. State, 571 S.W.2d 191, 193-94
(Tex. Crim. App. 1978).  The State moved for revocation on three grounds: (1)
failure to make the minimum monthly payment toward his restitution and
community supervision fees, (2) failure to perform community service as
required in the order granting community supervision, and (3) committing an
assault.  The record shows that appellant entered a plea of true to the
allegation that he failed to perform community service as required.  After a
hearing, the trial court found all of the allegations to be true.  On appeal, appellant
does not challenge the trial court’s findings regarding community service or assault. 
Appellant’s plea of true, standing alone, is sufficient to support the
revocation of his community supervision.  Guillot v. State, 543 S.W.2d
650, 653 (Tex. Crim. App. 1976).  Furthermore, the revocation is justified on
the two grounds not challenged on appeal by appellant.  O’Neal v. State,
623 S.W.2d 660 (Tex. Crim. App. 1981); Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. 1980).  The trial court did not abuse its discretion in
revoking appellant’s community supervision.  

            The
judgments of the trial court are affirmed.  

 

                                                                                     PER
CURIAM

April 28, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]

 

 









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.