Opinion filed May 27, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00198-CR 

                                                    __________

 

                            JOHN
CHRISTIAN TURNEY, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 266th District Court

                                                             Erath
County, Texas

                                                   Trial
Court Cause No. CR12212

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            John
Christian Turney appeals from an order adjudicating his guilt.  Appellant
originally pleaded guilty to the offense of injury to a child, and the trial
court deferred the adjudication of guilt and placed appellant on deferred
adjudication community supervision for ten years.  The State subsequently filed
a motion to adjudicate.  Upon finding the allegations in the State’s motion to
be true, the trial court revoked appellant’s community supervision, adjudicated
him guilty of the offense of injury to a child, and assessed punishment at
confinement for two years.  We affirm.

            Appellant
presents two issues on appeal.  He argues that the trial court erred in
admitting testimony that he had failed a polygraph examination and in finding
that he had violated the terms and condition of his community supervision by
not admitting in counseling that he had sexually assaulted his stepdaughter. 
We need not reach the merits of appellant’s issues because they are not
dispositive of this appeal.  See Tex.
R. App. P. 47.1.  Appellant’s issues relate to only one of the four
grounds upon which the trial court based its decision to adjudicate.  The trial
court’s decision to adjudicate may be upheld on other grounds.  A single,
sufficient ground will support a trial court’s decision to revoke community
supervision and proceed to an adjudication of guilt.  Jones v. State,
571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978); see Tex. Code Crim. Proc. Ann. art. 42.12,
§ 5(b) (Vernon Supp. 2010).

            The
State moved for adjudication[1]
on grounds that appellant had violated the terms and conditions of his
community supervision by (1) being publicly intoxicated, (2) failing to abstain
from the use of alcohol, (3) failing to complete the court-ordered community
service during seventeen different months, and (4) failing to satisfactorily
participate in court-ordered sex offender counseling.  The record shows that
appellant entered a plea of true to each of the first three allegations and a
plea of not true to the allegation concerning sex offender counseling. After a
hearing, the trial court found all of the allegations to be true.  Appellant’s
plea of true, standing alone, is sufficient to support the revocation of his
community supervision and the adjudication of his guilt.  Guillot v. State,
543 S.W.2d 650, 653 (Tex. Crim. App. 1976).  Furthermore, the revocation and
adjudication are justified on the grounds not challenged on appeal by
appellant.  O’Neal v. State, 623 S.W.2d 660 (Tex. Crim. App. 1981); Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  The trial court did
not abuse its discretion in adjudicating appellant’s guilt.  

            The
judgment of the trial court is affirmed.  

                                                                                                

May 27, 2011                                                                          PER
CURIAM

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]









[1]We note that this was the State’s second motion to
adjudicate and that the State’s first motion to adjudicate was not ruled upon
by the trial court but, rather, was dismissed at the State’s request.

 





[2]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.