**Opinion filed May 27, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00198-CR
_____

## JOHN CHRISTIAN TURNEY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CR12212**

## MEMORANDUM OPINION

John Christian Turney appeals from an order adjudicating his guilt. Appellant originally pleaded guilty to the offense of injury to a child, and the trial court deferred the adjudication of guilt and placed appellant on deferred adjudication community supervision for ten years. The State subsequently filed a motion to adjudicate. Upon finding the allegations in the State's motion to be true, the trial court revoked appellant's community supervision, adjudicated him guilty of the offense of injury to a child, and assessed punishment at confinement for two years. We affirm.

Appellant presents two issues on appeal. He argues that the trial court erred in admitting testimony that he had failed a polygraph examination and in finding that he had violated the

terms and condition of his community supervision by not admitting in counseling that he had sexually assaulted his stepdaughter. We need not reach the merits of appellant's issues because they are not dispositive of this appeal. *See* TEX. R. APP. P. 47.1. Appellant's issues relate to only one of the four grounds upon which the trial court based its decision to adjudicate. The trial court's decision to adjudicate may be upheld on other grounds. A single, sufficient ground will support a trial court's decision to revoke community supervision and proceed to an adjudication of guilt. *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. 1978); *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2010).

The State moved for adjudication[1] on grounds that appellant had violated the terms and conditions of his community supervision by (1) being publicly intoxicated, (2) failing to abstain from the use of alcohol, (3) failing to complete the court-ordered community service during seventeen different months, and (4) failing to satisfactorily participate in court-ordered sex offender counseling. The record shows that appellant entered a plea of true to each of the first three allegations and a plea of not true to the allegation concerning sex offender counseling. After a hearing, the trial court found all of the allegations to be true. Appellant's plea of true, standing alone, is sufficient to support the revocation of his community supervision and the adjudication of his guilt. *Guillot v. State*, 543 S.W.2d 650, 653 (Tex. Crim. App. 1976). Furthermore, the revocation and adjudication are justified on the grounds not challenged on appeal by appellant. *O'Neal v. State*, 623 S.W.2d 660 (Tex. Crim. App. 1981); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). The trial court did not abuse its discretion in adjudicating appellant's guilt.

The judgment of the trial court is affirmed.


May 27, 2011                                                        PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[1]We note that this was the State's second motion to adjudicate and that the State's first motion to adjudicate was not ruled upon by the trial court but, rather, was dismissed at the State's request.

[2]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.