Opinion filed January 31, 2013



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00035-CR

_____

## ALICIA DOLORES BECERRA, Appellant

## V.

## STATE OF TEXAS, Appellee

### On Appeal from the 104th District Court

### Taylor County, Texas

### Trial Court Cause No. 17420B

## MEMORANDUM OPINION

Appellant, Alicia Dolores Becerra, appeals from an order revoking her community supervision. Following a jury trial, appellant was found guilty of aggravated robbery and assessed a ten-year sentence and a $7,500 fine. The jury recommended that appellant be placed on community supervision; the trial court sentenced her accordingly. The State subsequently filed an amended motion to revoke community supervision, alleging appellant violated several conditions of her community supervision. Upon finding four of the five allegations in the State's

motion to be true, the trial court revoked appellant's community supervision and assessed punishment at confinement for ten years and a fine of $7,500. We affirm.

## Background Facts

The State alleged that appellant violated the following terms and conditions of appellant's community supervision:

(B) [The defendant shall] [a]void injurious or vicious habits of any nature whatsoever including but not limited to, the use of alcohol, narcotics, controlled substances, harmful drugs, glue or paint sniffing, or any chemical compound which might cause intoxication;

(C) [The defendant shall] [a]void persons or places of disreputable and harmful character. Stay out of **bars, lounges, dance halls, honky-tonks, beer joints, pool halls, taverns and liquor stores**, and do not associate with persons of **questionable character**, persons with **criminal records** or **inmates in penal institutions**;

(I) [The defendant] [m]ay not possess, use, sell, or have under control any **narcotic drugs, controlled substances, deadly weapons**, or any type of **firearms**; Also, abstain from the consumption of alcohol in any form at any time.

Specifically, the State moved for revocation on five grounds: (1) failure to avoid injurious or vicious habits by the use of alcohol on or about November 14, 2010; (2) failure to avoid injurious or vicious habits by testing positive for the use of alcohol on or about November 30, 2010; (3) failure to avoid bars, lounges, dance halls, etc. by entering the establishment called Fast Lanes in Abilene, Texas, on or about November 12, 2010; (4) failure to abstain from alcohol by consuming alcohol on or about November 14, 2010; (5) failure to abstain from the consumption of alcohol by testing positive for alcohol on or about November 30, 2010.

The record shows that appellant entered a plea of true to allegation nos. 1, 2, 4, and 5, in violation of conditions (B) and (I) of her community supervision. The State waived allegation no. 3 because the establishment lost its liquor license. After a hearing on the motion to revoke, the trial court found the remaining allegations to be true.[1]

## Issues on Appeal

Appellant presents three issues on appeal. She argues in the first issue that the State failed to meet its burden of proving a violation by a preponderance of the evidence. In the

---

[1]We note that the judgment revoking community supervision incorrectly states that appellant pleaded not true to the motion to revoke. The record shows that appellant pleaded true to four of the five allegations, and the trial court's findings reflect that appellant entered a plea of true to allegations nos. 1, 2, 4, and 5.

2

second issue, appellant asserts that condition (I) of her community supervision—requiring her to abstain from the consumption of any alcohol at any time—is facially unreasonable. In her third issue, appellant contends that condition (B) is vague and indefinite, rendering it unenforceable and void.

## Standard of Review

We review a trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove that a defendant violated the terms of community supervision by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The trial court abuses its discretion when it revokes community supervision after the State has failed to meet its burden of proof. *Cardona*, 665 S.W.2d at 493–94. However, we review the evidence in the light most favorable to the trial court's ruling, and proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision will support revocation on appeal. *Garrett*, 619 S.W.2d at 174; *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978).

## Revocation of Community Supervision

In her first issue on appeal, appellant argues that the trial court abused its discretion in revoking her community supervision for violating the conditions of community supervision. She alleges the trial court abused its discretion because the State failed to prove the violations by a preponderance of the evidence.

We need not reach the merits of appellant's contention because the revocation was justified on other grounds. A single, sufficient ground for revocation will support a trial court's order revoking community supervision. *Jones*, 571 S.W.2d at 193–94; *see* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West Supp. 2012).

Appellant's plea of true, standing alone, is sufficient to support the revocation of her community supervision. *Guillot v. State*, 543 S.W.2d 650, 653 (Tex. Crim. App. 1976). Appellant testified that she knowingly violated the terms of her community supervision. Therefore, the trial court did not abuse its discretion in revoking appellant's community supervision. We overrule appellant's first issue.

3

*Waiver of Objections to Conditions of Community Supervision*

We address appellant's second and third issues together. Appellant argues that the condition requiring her to abstain from any alcohol consumption is unreasonable on its face, and the two instances of alcohol consumption are insufficient to constitute a vicious or injurious habit.

Appellant waived any issues she has with the conditions of her community supervision. As the Court of Criminal Appeals has stated, an award of community supervision is not a right, but a contractual privilege entered into between a court and a defendant. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). By failing to object to the conditions of community supervision at trial, appellant affirmatively accepted them and cannot complain about them for the first time on appeal. *Id.* at 535; *Hart v. State*, 264 S.W.3d 364, 368 (Tex. App.—Eastland 2008, pet. ref'd) ("Even constitutional errors may be waived by failure to raise the issue to the trial court."). We overrule appellant's second and third issues on appeal.

*This Court's Ruling*

The judgment of the trial court is affirmed.

MIKE WILLSON
JUSTICE

January 31, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.