

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0514-13

---

**APRIL HOPE WHITSON, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE SECOND COURT OF APPEALS
YOUNG COUNTY**

---

JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, HERVEY, COCHRAN, and ALCALÁ, JJ., joined. KELLER, P.J., filed a concurring opinion. KEASLER, J., concurred in the judgment.

## O P I N I O N

On April 5, 2002, appellant pleaded guilty to the offense of burglary of a habitation. The trial court deferred a finding of guilt and placed her on community supervision for a period of five years, which began that day. The trial court twice extended her term of community supervision and, upon the state's third motion to adjudicate her guilt, assessed punishment at eight years' confinement.

On direct appeal, appellant asserted that the trial court lacked jurisdiction to revoke her community supervision because the state filed its third motion to adjudicate after her community

supervision had expired. The court of appeals overruled these issues and affirmed the trial court's judgment. *Whitson v. State*, No. 02-11-00156-CR, 2013 WL 978945, at *1 (Tex. App.—Fort Worth, delivered March 14, 2013).

We granted review of two of the three grounds that appellant raised in her petition for discretionary review: "Whether the trial court lacked jurisdiction to revoke appellant's community supervision because the motion to proceed to adjudicate was filed one day after the seven and one half year period of probation ended" and "When the trial court pronounces the period of community supervision as being so many years and/or so many months and then the date is not correctly calculated so that the amount of years and/or months and the ending calendar date are [not] the same, which prevails, the announcement of the year and/or months or the calendar date, the longer period regardless of the conflict, the court's intent, or some other method of resolving the conflict?"

We conclude that this Court's holding in *Nesbit v. State*[1] sets out the required end-date calculation and controls in the event of a conflict with a specified end-date. We therefore sustain these grounds and reverse the court of appeals's judgment.

## I. Facts

On April 5, 2002, appellant plead guilty to the offense of burglary of a habitation. The trial court deferred adjudication and placed her on community supervision for a term of five years. Under *Nesbit*, appellant's supervision would end on April 4, 2007, barring extension or early termination. On January 21, 2005, the state filed a motion to adjudicate appellant's guilt. Fourteen months later,

---

[1] *Nesbit v. State*, 227 S.W.3d 64 (Tex. Crim. App. 2007). In *Nesbit*, we held that, because an order for community supervision takes effect on the date of its entry, the duration of this period includes this date and excludes the anniversary date on the final year. *Id.* at 69. Due to this rule against double counting days, we accepted Nesbit's claim that, "in essence, . . . his probation turned into a pumpkin at the stroke of midnight" the day before the anniversary of his start date." *Id.* at 65.

on March 28, 2006, the trial court extended appellant's supervision by one year, specifying a termination date of April 6, 2008.[2] The state filed a second motion to adjudicate on March 31, 2008, and, on July 18, 2008, the court again extended appellant's community supervision. This second order stated an end-date of October 6, 2009, but listed conflicting durations for the extension.

> The court, having heard the evidence submitted, is of the opinion and so finds that the Defendant's conditions of supervision should be amended and extended for a period of 18 months, with said community supervision to henceforth terminate on the 6th day of October 2009.
>
> [additional condition requiring appellant to participate in SAFP]
>
> It is therefore ORDERED, ADJUDGED, AND DECREED by the Court that the order placing the Defendant on community supervision, heretofore entered in this cause, is hereby continued in full force and effect, that the period of Defendant's community supervision be, and the same is hereby extended for a period of 1 year, with said period of community supervision to henceforth terminate on the 6th day of October 2009.

The state filed a third motion to adjudicate on October 5, 2009, and on January 31, 2011, the trial court adjudicated appellant guilty and sentenced her to eight years' confinement.

Appellant filed a challenge to the trial court's jurisdiction and a motion to vacate the judgment and sentence, arguing that her deferred adjudication expired on October 4, 2009,[3] one day before the state filed its third motion to adjudicate. Appellant asserted in a hearing before the trial court that, pursuant to *Nesbit v. State*, October 4 was the correct end-date and that the court had therefore lost jurisdiction over the matter by the time the state moved to adjudicate on October 5.

---

[2] By its own language, the amended condition was internally inconsistent; even double counting the anniversary, one year would have been no later that April 5.

[3] The internal inconsistency may have been a result of using a boiler-plate order and missing a change. Appellant concedes that the intended extension period was eighteen months, rather than one year, as indicated by the trial court's "incorrect termination language" of October 6, 2009.

The state countered that the specified termination date in the orders controlled, and the trial court agreed, denying appellant's motion and sustaining the judgment.

## II. Court of Appeals Opinion

On direct appeal, appellant contended that, under *Nesbit*, the state filed its motion "one day after the seven and one half year period of probation ended" and alternatively that the state filed its motion "over six months after the seven year period of probation ended." *Whitson v. State*, 2013 WL 978945 at *3. Appellant explained these alternative grounds by noting the contradictory language of the trial court's second extension order.

The court of appeals, however, agreed with the state that *Nesbit* did not apply to cases in which the trial court has specified a termination date because there is no need for the calculation that was required in *Nesbit*. It held that, where there is a specific termination date set forth in the order, this date controls over the *Nesbit* computation. The court also cited *State v. Crecy*,[4] an unpublished opinion from the Second Court of Appeals that resolved this issue by determining that the intent of the trial court controls in the event of conflicting dates. In the instant case, the court of appeals reasoned that the trial court must have intended to extend the supervision period to the termination date listed in the order, as it exercised jurisdiction over appellant's case in response to the state's motion filed one day before the specified end-date.

## III. Arguments of the Parties

We granted two of appellant's grounds for review, in which she asks this court to determine which date controls when a period of years and months and a specified calendar termination date

---

[4] *State v. Crecy*, No. 05-11-01003-CR, 2012 WL 2106534, at *2 (Tex. App.—Dallas June 12, 2012, pet. ref'd).

provided in an order produce conflicting end-dates, and whether the trial court lacked jurisdiction to revoke her community supervision, when the state moved to adjudicate one day before the specified end-date, yet one day after the date calculated under *Nesbit*.

The state asserts that the court of appeals correctly found that *Nesbit* is not applicable because the calendar date specified for termination of appellant's deferred adjudication "was unrelated to the issue of the 'anniversary date' of the period of community supervision." The only limitation to the trial court's extension of community supervision, it adds, is the statutorily mandated ten-year maximum term for felony offenses. The state further urges this Court to declare that, in the event of a conflict between the provision of a term of community supervision and an explicit termination date, the specified date should control.

Appellant contends that the confusion surrounding the precise end-date of a defendant's community supervision was resolved with this Court's decision in *Nesbit v. State*: the term of supervision includes the day of sentencing and excludes the anniversary date in the computation of a defendant's last day of supervision and should control over a calendar date specified by the trial court. Such a calculation would have terminated appellant's community supervision on October 4, 2009, one day before the state filed its final motion to adjudicate. Appellant posits that the discrepancy between the *Nesbit* calculation and that of the trial court was likely a clerical error made during the pre-*Nesbit* confusion regarding exact community-supervision end-dates. She further urges this Court to reject the *Crecy* inquiry into trial-court intent as a method of resolving the discrepancies cited by the court of appeals. Appellant notes the lack of a Texas statute providing that a trial court may specify an end-date to confinement or community supervision; instead, the statutes provide for a term of years and months, and the Order of Deferred Adjudication form similarly elicits the

prescription of such a time period.

The state counters that the trial court retained jurisdiction to revoke appellant's community supervision because the state's motion to adjudicate was filed one day before the term expired. Reasoning that *Nesbit* applies only to cases that prescribe the community-supervision period as a term of years and months, the state asserts that a specified calendar end-date, where provided, should prevail because it renders a *Nesbit* calculation unnecessary. The state notes that the only limitation on a trial court's setting and extension of community supervision is that the total term for felony offenses may not exceed ten years[5] and posits that Texas statutory language referencing these durations as "periods" and "terms" does not preclude the provision of and adherence to definite end-dates. The state also distinguishes an original probation order and the extension of such a period, arguing that appellant's citation to the Order of Deferred Adjudication does not resolve whether a term or period, or a specified end-date, is required for an amendment. Finally, the state cites Section 311.026 of the Code Construction Act, which provides that, where a general and special or local provision irreconcilably conflict, the special or local provision prevails[6] and urges us to apply this principle to the issue at hand so that the specific calendar date controls in all community-supervision cases.

## V. Analysis

When in the judge's opinion the best interests of society and the defendant will be served, the trial judge, upon receiving a plea of guilty or plea of nolo contendere and finding that the evidence presented substantiates the defendant's guilt, may place the defendant on community

---

[5] TEX. CODE CRIM. PROC. art. 42.12(b)(1).

[6] TEX. GOV'T CODE § 311.026(b).

supervision without entering an adjudication of guilt. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a). The judge may extend the defendant's term of community supervision upon a showing of good cause as often as he or she determines is necessary, except that the total period may not exceed ten years for felony cases. *Id.* art. 42.12, § 22(c). When this term has expired, the trial court ordinarily must "dismiss the proceedings against the defendant and discharge him." *Id.* art. 42.12, § 5(c). However, the trial court retains jurisdiction to proceed to adjudicate guilt if, before the term expires, the state files a motion to adjudicate and a capias is issued for the defendant's arrest. *Id.* art. 42.12, § 5(h); *see also Ex parte Donaldson*, 86 S.W.3d 231, 232 (Tex. Crim. App. 2002) ("We have long held that a trial court has jurisdiction to hear a motion to revoke [probation after the period expires] as long as the motion was filed, and a warrant or capias properly issued, during the probationary period."); *Guillot v. State*, 543 S.W.2d 650, 652 (Tex. Crim. App. 1976) (observing that both motion to revoke and capias for arrest must be issued prior to expiration of community supervision for trial court to retain jurisdiction).

"This Court has not always been clear on the [precise] duration of a time period for purposes of a term of community supervision . . . ." *Nesbit v. State*, 227 S.W.3d 64, 68 (Tex. Crim. App. 2007). *Compare Donaldson*, 86 S.W.3d at 232 (suggesting in dicta that six-year probationary period imposed on May 10, 1993, expired on May 10, 1999) *and Guillot*, 543 S.W.2d at 651 (noting in dicta that defendant's probation, which began on March 27, 1972, had expired on March 27, 1975) *with Ex parte Fulce*, 993 S.W.2d 660, 662 (Tex. Crim. App. 1999) (stating that two-year community supervision beginning on February 18, 1994, "was scheduled to expire on February 17, 1996").

In 2007, however, we resolved these discrepancies in calculating community-supervision end-dates in *Nesbit v. State*. The trial court had adjudicated Nesbit guilty of indecency with a child

on April 29, 1994, and placed him on "regular" community supervision for a term of ten years that began that day. *Nesbit*, 227 S.W.3d at 66. On April 29, 2004, the state filed a motion to revoke his community supervision, alleging that he had violated its terms by associating with persons or places of disreputable character. *Id*. The trial court rejected Nesbit's argument that his community supervision ended at midnight on April 28, granted the state's motion, and sentenced Nesbit to ten years in prison. *Id*. The court of appeals reversed, holding that the correct end-date was April 28, 2004, and that the trial court lacked jurisdiction to revoke his community supervision due to the principle now known as the rule against double counting.

> The operative rule is that the duration of a time period during which a person suffers specified restrictions upon his freedom by virtue of either a sentence of imprisonment or community supervision includes the first day in which such restrictions upon freedom operate and excludes the anniversary date. *The same day cannot be double counted*. This rule is logical, fair, and in accord with prior precedent construing the Code Construction Act.

*Id*. at 69 (emphasis added) (footnotes omitted). Thus the determination that Nesbit's ten-year community supervision lasted from April 29, 1994, through April 28, 2004, rested on this premise that the April 29 anniversary date could not be included twice in the first and last years of his community supervision.

This Court affirmed, stating that "[i]f the first day of the period is to be included, . . . the last day of the period should be excluded[; otherwise,] the period would be [the specified period] plus one day." *Id*. at 68 (quoting *McGaughy v. Richardson*, 599 S.W.2d 113, 115 (Tex. Civ. App.–Dallas 1980, writ ref'd n.r.e.)).

As the state correctly observes, the *Nesbit* controversy did not require this Court to choose between a standard calculation and an end-date specified by a trial court. Today we are asked to

determine what the rule will be in the event of such a conflict.

As the state and court of appeals posit, a definite end-date provided by the trial court could be used both to set the correct termination date and control in the event of a conflict with the date calculated pursuant to *Nesbit*. The essence of this argument is that *Nesbit* established the standard method of calculating the final day of community supervision when no other guidance has been given except a period stated in years and months and is unnecessary and inapplicable when any ambiguity has been resolved by the prescription of a definite calendar end-date in the order. A second approach to determine the correct end-date in the event of uncertainty,[7] relied on by *State v. Crecy* and cited by the court of appeals in this case, is to look to the trial court's intent when it signed the order of community supervision.

Although *Nesbit* did not squarely address this inconsistency, we believe its clearly articulated rationale and concerns are dispositive of the issue before us. The underlying concern in that case consisted of advancing the twin goals of protecting defendants from serving punishments in excess of their prescribed terms and ensuring their right to understand the precise conditions of their punishments.

That *Nesbit* did not involve an order specifying a calendar end-date does not nullify our explicit ruling that the initial calendar date of community supervision period may not be counted in the final year. In that case, we declared that, because Nesbit's community supervision began on the

---

[7]Appellant urges that we could construe *Nesbit* to apply to all determinations of community-supervision duration, adhering to its express prohibition of including the start date in the final year. A modification not suggested by appellant would be to apply *Nesbit* only to the extent that doing so would prevent the disallowed double counting. For example, if the trial court ordered a defendant to complete a five-year community supervision term beginning on January 1, 2015, and also set a termination date of December 30, 2019, it could be argued that the *Nesbit* calculation need not apply, as adhering to the specified date would not run afoul of *Nesbit*'s rule against double counting.

date of the order, he suffered restrictions on his freedom that very day. *Nesbit*, 227 S.W.3d at 69. Accordingly, we "necessarily reject[ed] the State's argument that appellant is required to serve ten years and a day when he was placed on community supervision for exactly ten years, no more, no less." *Id*. We declined to count the anniversary date of Nesbit's community supervision order in the final year of his term, as its inclusion would have restricted his liberty one day beyond the decade-long term set forth in the court order. Here, holding that appellant's seven-and-one-half-year deferred adjudication, which began immediately upon entry of the order on April 5, 2002, did not end until October 6, 2009, would result in the same impermissible double counting we sought to eradicate in *Nesbit*. The adoption of a rule that would result in defendants serving community-supervision terms longer than their prescribed terms would counter both *Nesbit* and, more critically, violate due process.

Moreover, if we were to uphold the court of appeals' endorsement of *State v. Crecy*, further doubt would be injected into defendants' ascertainment of the exact length of their supervisions. Such an inquiry into the mind of the trial court as to which date prevails would leave many defendants unclear as to the precise end-date of their community-supervision terms until they have already been sentenced to jail and would also necessarily mean that the decision of the trial court to exercise jurisdiction in these types of cases could not be challenged. As for applying *Nesbit* only to the extent of excluding double counting, the same notion of clarity in sentencing applies. Although the state and court of appeals urge this Court to read *Nesbit* narrowly so as to bar only excessive community-supervision terms, this Court is compelled to require that orders constraining defendants' liberty unequivocally state the duration of this limitation.

These considerations of a defendant's right to serve an appropriate and readily ascertainable

sentence lead us to hold that the *Nesbit* calculation controls in all determinations of community supervision duration. It follows that, should a trial court elect to provide a specific end-date in addition to the standard term of years and months, this date must be correctly computed pursuant to *Nesbit*.

In this case, the error began with the first extension; the trial court ordered an extension of one year–to April 4, 2007–yet the order erroneously specified an end-date two days in excess of one year. The error was repeated in the subsequent extensions, each of which extended supervision for a defined period of years or months. Accordingly, we conclude that appellant's deferred adjudication ended on October 4, 2009, and the trial court, therefore, did not retain jurisdiction to grant the state's motion to adjudicate filed on October 5 of that year.

## VI. Conclusion

We hold that *Nesbit* controls in all computations of community-supervision end-dates and that the trial court did not have jurisdiction when the state's third motion to adjudicate was not filed timely. We reverse the judgment of the court of appeals and remand this cause to the trial court for further proceedings consistent with this opinion.


Delivered: May 7, 2014
Publish