

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00088-CR

_____

PHILLIP LEON WORTHEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. CR19529

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

# MEMORANDUM OPINION

On March 9, 2018, pursuant to a plea agreement, Phillip Leon Worthey was placed on two years' deferred adjudication community supervision for aggravated assault with a deadly weapon. On July 13, 2021, on the State's motion, the trial court adjudicated Worthey's guilt and sentenced him to ten years' imprisonment. Worthey has raised several issues on appeal, including a challenge to the trial court's jurisdiction to adjudicate his guilt. The State concedes that the trial court was without jurisdiction, and we agree. As a result, we vacate the trial court's judgment and dismiss the case. *See* TEX. R. APP. P. 43.2(e).

A little over a year after Worthey was placed on community supervision, on March 12, 2019, the State filed its original motion to adjudicate guilt on the ground that Worthey violated the terms and conditions of his community supervision by threatening "to commit an offense involving violence to a person, namely aggravated assault of the elderly" (the Original Allegation). Capias was issued on the same day. Worthey posted a bond following his arrest and was released from jail.

On April 15, 2021, more than a year after Worthey's community supervision expired, the State filed an amended motion to adjudicate Worthey's guilt (the First Amended Motion), which included the Original Allegation, as well as four new allegations. No capias was issued on the First Amended Motion. On April 26, the State filed a second amended motion to adjudicate, which included the Original Allegation and five others (the Second Amended Motion). No capias was issued on the Second Amended Motion.

At the July 13, 2021, hearing on the State's Second Amended Motion, the State affirmatively abandoned the Original Allegation. After hearing Worthey's pleas on the remaining allegations and the State's evidence, the trial court found the remaining allegations in the Second Amended Motion true. As a result, the trial court adjudicated Worthey guilty of aggravated assault with a deadly weapon and sentenced him to ten years' imprisonment.

> A trial court retains jurisdiction to hold a revocation hearing and to proceed with an adjudication of guilt, regardless of whether the period of deferred adjudication community supervision imposed on the defendant has expired, if before the expiration of the supervision period:
>
> (1)    the attorney representing the state filed a motion to proceed with the adjudication; and
>
> (2)    a capias is issued for the arrest of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 42A.108(c). It is undisputed that the trial court had jurisdiction over the Original Allegation, which was filed within Worthey's community supervision period.

Because the First and Second Amended Motions were filed after the expiration of the community supervision term, they were a nullity and could not confer jurisdiction to adjudicate guilt. *See Guillot v. State*, 543 S.W.2d 650, 653 (Tex. Crim. App. 1976), *superseded by statute as recognized in Ex parte Moss*, 446 S.W.3d 786, 791 (Tex. Crim. App. 2014); *Holtzman v. State*, 866 S.W.2d 728, 729, n.2 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (finding amended revocation motion filed after community supervision period "void"); *Crockett v. State*, 840 S.W.2d 160, 162 (Tex. App.—Houston [1st Dist.] 1992, no pet.) (same); *Chreene v. State*, 691 S.W.2d 748, 750 (Tex. App.—Texarkana 1985, pet. ref'd) (same). This is because "the right

of the court to revoke is limited to those violations of [community supervision] alleged in the revocation motion filed prior to the expiration of the [supervision] period." *Guillot*, 543 S.W.2d at 653. As a result, a trial court does not have the jurisdiction to revoke community supervision based on motions to revoke filed after the community supervision period. *Nesbit v. State*, 227 S.W.3d 64, 69 (Tex. Crim. App. 2007).

Because the First and Second Amended Motions were a nullity, the trial court's jurisdiction was limited to the Original Allegation. *See Guillot*, 543 S.W.2d at 653; *Crockett*, 840 S.W.2d at 162–63; *Chreene*, 691 S.W.2d at 750. However, the Original Allegation was affirmatively abandoned. As a result, the State concedes, and we agree, that "[o]nce the State abandoned the only allegation which vested the Trial Court with jurisdiction," the trial court was without jurisdiction to adjudicate guilt.

We vacate the trial court's judgment and dismiss the case.


Josh R. Morriss, III
Chief Justice

Date Submitted:     January 7, 2022
Date Decided:       January ___, 2022

Do Not Publish

4